48 227
75 188

## W. P. LANE v. JOHN N. DOAK.

1. JURISDICTION.—When a suit was pending in the District Court for an amount over two hundred dollars, and less than five hundred dollars, on the 18th April, 1876, it was the duty of the District Court to transfer it to the County Court; and if the District Court has neglected this duty, whatever judgment it may render will be reversed, and the cause remanded, because of a want of jurisdiction.

2. JUDICIAL KNOWLEDGE.—The Supreme Court can know who is the county judge of a particular county, only when his official acts come in review before it, and not apart therefrom.

3. DISTRESS WARRANT.—See this case for suggestions in regard to a proceeding by a distress warrant. .

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

*Wright & McDonald,* for appellant.

*Clark & Todd,* for appellee.

ROBERTS, CHIEF JUSTICE.—This suit was commenced on the 7th of November, 1872, by a distress warrant, founded on an affidavit annexed to an account for $300, for rent of 100 acres of land in the Alford Allen place, in Red River county. The affidavit does not conform to the statute in terms as prescribed in the act of 1870, (Paschal's Dig., 6374,) under which the proceeding was instituted, which provides "that the plaintiff, his agent or attorney, shall make oath that the amount sued for is for rent, or shall produce a writing from such tenant to that effect," upon which "it shall be the duty of the justice to issue his warrant of distress." Another part of the act requires such party to swear that the distress warrant is not sued out for the purpose of vexing and harassing the defendant. This writ may be sued out when the debt is not due, if "the tenant is about to remove from the rented premises, or remove his property from such rented premises." This is, in substance, what the affidavit states; but it does not state that the debt is due for rent, nor does it otherwise appear that a writing to that effect was produced before the justice, as authority to him for issuing the writ.

The writ issued by the justice describes an entirely different affidavit, or misdescribes the affidavit that is in the record.

The petition, as a cause of action, sets out, and makes exhibit of, a written obligation for $300, for rent of part of the Allen tract.

The court, upon motion of defendant, set aside the distress warrant, for defects in the affidavit and writ.

The court, several terms afterwards, upon final trial, upon motion of plaintiff, reinstated the distress warrant, and, upon giving judgment for the amount of the debt, also ordered the property distrained to be sold, if it is returned; but if not, that the replevy bond be forfeited, and said Doak have and recover of said Lane and his sureties on the replevy bond the amount of the judgment.

This statement of the case has been made, only for the purpose of calling attention to some questions that arise upon the record as presented:

1st. Was not the motion to dismiss the distress warrant properly sustained in the first instance?

2d. If not, was it proper for the court to set aside its former order, and reinstate the distress warrant in full force, without first being informed that it was not to the prejudice of the sureties on the replevy bond; and how could the court be so informed? (Rogers v. Watrous, 8 Tex., 65.)

3d. Does this statute give to the replevy bond named in it the attributes of a judgment, when forfeited, so as to authorize execution against the obligors, as has been expressly given to replevy bonds in other cases; and if not, how could a forfeiture be enforced? (Art. 6376.)

The statute is meagre and indefinite in other provisions as to how and when the sale is to be ordered. (Paschal's Dig., 6377.)

The appellant has assigned as one ground of error, "that the District Court had no jurisdiction of the case."

The cause of action is for an amount over two hundred dollars, and less than five hundred dollars, and being a suit pending in the District Court on the 18th of April, 1876, when the present Constitution went into force, it was a case that should have been transferred to the County Court for trial.

The record, as presented in this court, does not show any reason why it was not done. We may presume that there must have been some reason, such as that the county judge

was disqualified from trying the cause, from the fact that the briefs on neither side make any allusion to this assignment of error.

This court can, *ex officio*, know that a certain man is the county judge of Red River county, just as it may know the district judge, or any other such officer, when, and only when, his official acts come in review before it, but not apart therefrom. If, therefore, that is the reason, as it is supposed, it should have been shown in the record as a fact, relating to this case, which entitled the District Court to retain and determine it contrary to the general rule.

We have to act upon the record as we find it here, and reverse the judgment and remand the case, because of a want of jurisdiction of the District Court, as appears by the record in this court.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.