JACOB MAWTHE V. ALEXANDER CROZIER & CO.

1. JURISDICTION OF DISTRICT COURT.—Suit was originally brought in the District Court on a promissory note for less than $500. After the adoption of the Constitution of 1876, the amount being below the jurisdiction of the County Court, the case was transferred by the District Court to the proper Justice's Court. After trial and judgment an appeal was taken by the defendant to the County Court; the case appeared in the District Court without any order transferring it from the County Court, and judgment was rendered for plaintiff: *Held,* That no jurisdiction was shown in the District Court.

2. APPROVED.—Lane *v.* Doak, 48 Tex., 227, approved.

ERROR from Kaufman. Tried below before the Hon. J. G. Eblen, special judge.

Suit was brought August 12, 1875, in the District Court of Kaufman county, by Alex. Crozier & Co. against Jacob Mawthe, on a promissory note for $450, of date February 19, 1872, with interest from date, at ten per cent., and executed by defendant. A credit of $361.06, paid September 14, 1872, was allowed in the petition.

October 5, 1875, defendant pleaded a general demurrer and general denial.

September 13, 1876, by order of the District Court, the case was transferred to the Justice's Court of precinct number one, in Kaufman county.

November 1, 1876, the papers in the suit were filed in the Justice's Court, E. E. Douglas being justice of the peace.

February 26, 1877, judgment was rendered by the justice of the peace, for plaintiffs, for "the sum of $211.18, principal and interest, after allowing all credits thereon."

A motion for new trial was overruled. The reasons urged in the motion were, because the judgment was contrary to law and beyond the jurisdiction of the court.

Notice of appeal was given, and an appeal bond was filed, the notice and the bond being for an appeal to the County Court.

By the transcript, the papers appear to have been filed by the county clerk March 15, 1877. The papers were again filed, in the District Court of Kaufman county, April 2, 1877. No order of the County Court appears transmitting the case to the District Court.

April 24, the plaintiffs filed in the District Court a motion to dismiss, for the reasons—

1. The amount involved is not sufficient to give the District Court jurisdiction.

2. Because it nowhere appears that the cause had been transferred to said court.

3. Because no reason appears, from the papers of the case, why it should not be tried in the County Court.

The motion to dismiss was overruled, and judgment rendered against the defendant and his sureties on the appeal bond for $211.18 and costs.

The defendant prosecuted his writ of error, assigning as error the want of jurisdiction of the court.

*J. J. Woods,* for plaintiff in error.—The plaintiff in error is led to the conclusion that the court in this case went beyond its powers, as defined by the Constitution and laws made thereunder. If the County Court had tried this case, it would have been under that provision of the Constitution, and County Court act thereunder, giving to said court its appellate powers, and none other. (Const. 1875–76, art. 5, sec. 16 ; Gen. Laws, 1876, sec. 3, p. 18.) The Constitution makes no other provision regarding suits appealed from Justices' Courts to County Courts. The appellate powers of the District Court are expressly defined by the Constitution, and limited to probate matters, guardianship, letters of administration, &c. (Const. 1875–76, art. 5, sec. 8, p. 33.) Again, it is urged that before the District Court can assume original jurisdiction over the subject-matter of a suit that is within the jurisdiction of the County Court, it must appear affirmatively that the county judge is disqualified, and the amount in con-

troversy is valued at, or exceeds, $500, exclusive of interest. (Const. 1875–76, art. 5, sec. 8, p. 32.)

MOORE, CHIEF JUSTICE.—Upon the face of this transcript, the District Court evidently had neither original nor appellate jurisdiction of this case. We may unquestionably imagine a state of facts which would have warranted its transfer from the County Court to the District Court; but to justify the District Court in taking jurisdiction of it, and this court in affirming its judgment, these facts, if in truth they exist, should have been in some way incorporated into or shown by the record.

But this has not been done, and, " as we have to act upon the record as we find it here," we have no alternative but to " reverse the judgment and remand the case, for want of jurisdiction of the District Court to hear and determine it," as appears by the record presented to this court. (Lane v. Doak, 48 Tex., 227.)

Judgment reversed and cause remanded.

REVERSED AND REMANDED.