J. C. CHRISMAN v. E. H. GRAHAM.

TRIAL OF RIGHT OF PROPERTY — JURISDICTION. — September 10, 1877, property was levied on by execution issuing from the District Court, which was claimed and valued by the sheriff at $400. A trial of the right of property was had in the District Court, which resulted in a judgment against claimant, who brought the case to this court on error. The record failed to disclose how the District Court obtained jurisdiction: *Held*—

1. This court cannot ascertain the jurisdiction of the District Court by evidence *aliunde* the record.

2. An affidavit filed in this court, to the effect that the defendant in execution was judge of the County Court of the county, and that appellant was his son-in-law, cannot be considered in determining the jurisdiction of the District Court.

3. The Supreme Court has no power to supply defects in the record of an inferior court, whether occasioned by loss or otherwise.

4. Since the record shows the facts touching jurisdiction, it will be understood to speak the truth in that regard, and it will not be presumed that there was other or different evidence adduced, or that it was otherwise than as stated.

5. When a county judge is disqualified, from relationship or otherwise, to try a cause, the District Court may have of the cause original jurisdiction; but the record of its proceedings must show affirmatively how it acquired jurisdiction.

APPEAL from Coryell. Tried below before the Hon. J. R. Fleming.

The facts are stated in the opinion.

*I. C. Stone*, for plaintiff in error.

*A. L. Jarnagin* and *Thomas Rock,* for defendant in error, to sustain the jurisdiction of the District Court, filed in this court an affidavit stating, among other things, that S. B. Raby, the original judgment debtor, was the judge of the County Court, and plaintiff in error was his son-in-law.

BONNER, ASSOCIATE JUSTICE.—In this case, on September 10, 1877, a trial of the right of property levied upon by execution, claimed by plaintiff in error, J. C. Chrisman, and which had been valued by the sheriff at $400, was had in the District Court of Coryell county, which resulted in a judgment against him, in favor of defendant in error, E. H. Graham. The record fails to show any ground upon which the District Court assumed jurisdiction.

Our Constitution provides that the District Courts shall have jurisdiction " of all suits for the trial of the right of property levied on by virtue of any writ of execution, sequestration, or attachment, when the property levied upon shall be equal to or exceed in value five hundred dollars." (Const. 1876, art. 5, sec. 8.)

It further provides that the County Court " shall have exclusive original jurisdiction in all cases when the matter in controversy shall exceed in value two hundred dollars, and not exceed five hundred dollars, exclusive of interest." (Id., sec. 16.)

To sustain the jurisdiction of the District Court, the appellee, on the day the cause was submitted to this court, filed an affidavit to the effect that S. B. Raby, the defendant in execution, was judge of the County Court of that county, and that appellant Chrisman was his son-in-law.

Under section 3 of article 5 of the Constitution, this court has the power, upon affidavit or otherwise, as by the court may be thought proper, to ascertain such matters as may be necessary to the proper exercise of its own jurisdiction.

There is, however, a marked distinction between this right

and that to inquire into the jurisdiction of the court below by evidence *aliunde* the record.

Chief Justice Wheeler says that "nothing can be more perfectly clear, than that this court can only revise the judgment of the District Court for errors apparent upon the record. To entertain the question of fact for decision, for the first time, in this court, as a ground for reversing the judgment, would be plainly violative of the Constitution, which confers upon this court, in reference to the judgments of the District Court, appellate jurisdiction only." (Brown *v.* Torrey, 22 Tex., 54; Hart *v.* Mills, 31 Tex., 304.)

In one case at the late Galveston Term and in two at the present term, in neither of which written opinions were delivered, it was decided that this court had no power to supply defects in the record of the court below, occasioned from loss or otherwise, but that for this purpose every court alone has jurisdiction over its own records.

Under the authority of these decisions, we cannot entertain the affidavit to sustain the jurisdiction of the court below; but to supply this defect, if one exists, proper proceedings should have been instituted in that court.

This case, then, upon the question presented for our consideration, (the jurisdiction of the District Court of Coryell county,) must stand or fall upon the record as presented.

It is a well-established principle of law, that although every presumption—when not contradicted by the recitals in the record itself—will be indulged in favor of the judgment of a court of general jurisdiction, when acting within the ordinary scope of its powers and proceedings, over a subject-matter within its jurisdiction, yet this presumption arises only in respect to jurisdictional facts of which the record is silent. Presumptions are indulged only in the absence of the facts. When, therefore, the record shows affirmatively, as in this case, the jurisdictional facts, it will be understood to speak the truth on that point; and it will not be presumed that

there was other or different evidence adduced, or that it was otherwise than as stated. (Galpin *v.* Page, 18 Wall., 366.)

By section 16 of article 5 of the Constitution, in the event that the county judge is disqualified, from relationship or otherwise, to try a cause, the District Court has original jurisdiction. This, however, is an exception to its ordinary jurisdiction and course of proceedings, to be exercised only under peculiar circumstances; and in such cases, like courts of minor grade with special and limited jurisdiction, the record should show affirmatively those things necessary to bring into exercise this power. (Guilford *v.* Love, 49 Tex., 743, and authorities cited.)

In this case the court did not have general jurisdiction over the subject-matter in controversy, and the record fails to show the existence of those facts necessary to give it special jurisdiction. As presented to us, there is error apparent upon the record. (Lane *v.* Doak, 48 Tex., 227; Mawthe *v.* Crozier, 50 Tex., 153.)

The judgment must be reversed, and as it is possible that the court below may have properly assumed jurisdiction under that section of the Constitution last quoted, the cause is remanded.

REVERSED AND REMANDED.