LEE GLASSCOCK v. A. J. BARNARD ET AL.

Decided January 1, 1910.

**1.—Judgment by Default—Appeal—Evidence of Citation.**

To sustain a judgment by default as against an appeal by the defendant it is indispensable that the record should show affirmatively that the defendant was duly cited; and a recitation in the judgment that the defendant had been duly cited, is not sufficient. The citation should appear in the transcript.

**2.—Same—Fundamental Error.**

The record on appeal should in all cases show affirmatively that the trial court had jurisdiction over the subject matter and parties, and where it does not show an appearance or waiver of citation by the defendant it should contain a copy of the citation duly served. The absence of any of these facts discloses fundamental error of which the appellate court will take notice without an assignment of error.

Error from the District Court of Kent County. Tried below before Hon. C. C. Higgins.

*Crane & Myers,* for plaintiff in error.

*W. W. Kirk* and *H. C. Hughes,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—This is an action by A. J. Barnard against J. L. Harris and Lee Glasscock to recover on certain promissory notes and to foreclose the vendor's lien on a quarter section of land in Kent County. There was a judgment by default against both defendants from which this writ of error is prosecuted.

Aside from a consideration of any of the questions raised in plaintiff in error's brief, we are confronted with the fact that no citation appears in the record and in this state of the case it does not appear that the Court had jurisdiction to render any judgment whatever in favor of the plaintiff. Mayhew & Company v. Harrell, 122 S. W., 957, and authorities there cited; Wheeler v. Phillips, 22 S. W., 543. Nor is the case helped by the recitation in the judgment that each of the defendants had been duly served with citation in accordance with the law. Blossman v. Letchford, 17 Texas, 647; Burditt v. Howth, 45 Texas, 466; Carlton v. Miller, 2 Texas Civ. App., 619 (21 S. W., 697); Shook v. Laufer, 84 S. W., 277. While this omission is not specifically made the basis of an assignment of error, we nevertheless hold it to be such error apparent of record as to be fundamentally erroneous, for the record should in all cases show affirmatively that the trial court had jurisdiction over the subject matter and parties, and where, as here, the record shows there was no appearance or waiver it should contain a copy of the citation duly served on the defendants. Sayles' Texas Civil Statutes, articles 1411 and 1412; McMickle v. Texarkana National Bank, 4 Texas Civ. App., 210 (23 S. W., 428); Chrisman v. Graham, 51 Texas, 454; Lane v. Doak, 48 Texas, 227; Mawth v. Crozier, 50 Texas, 153.

This holding is analogous to the holding in American Soda Foun-

tain Company v. Mason, 55 Texas Civ. App., 532 (119 S. W., 714), and the line of authorities therein cited, to the effect that no presumptions are to be indulged in aid of the trial court's jurisdiction, but the same must be made affirmatively to appear. In that case and those cited the appeal was from a judgment of the County Court where the cause of action asserted was below the original jurisdiction of that court but within its appellate jurisdiction, and the record did not affirmatively show that the cause had been brought to the County Court by appeal. Such defect has been often noticed by the appellate courts even in the absence of an assignment of error, thus treating the error as fundamental. See Ware v. Clark, ante 356.

· The judgment must be reversed, but since it is possible that the court below had acquired jurisdiction over the person of plaintiff in error, the cause will be remanded.

*Reversed and remanded.*