TEXAS & PACIFIC RAILWAY COMPANY v. R. S. HOOD.

Decided February 24, 1910.

**1.—Appeal—Jurisdiction of Trial Court—Practice.**

On appeal the jurisdiction of the trial court over the case must be determined by the record. Evidence aliunde can not be received in the Court of Civil Appeals under art. 998, Rev. Stats., except to determine matters of fact affecting its own jurisdiction.

**2.—Same—Case Stated.**

An action for injury to live stock in transportation was commenced in Justice Court by written petition itemizing damages aggregating more than $200, as shown by the record. On appeal from a judgment rendered on appeal in the County Court, the Court of Civil Appeals refused certiorari to bring up the original petition on allegations that the items originally showed a claim for only $200, which was amended in the County Court by interlineations made by consent, increasing the amount of certain items claimed, and reversed and dismissed the case, holding themselves bound by the record which showed a claim beyond the jurisdiction of the Justice Court. In the opinion of Mr. Justice Hodges such amendments in the County Court would have the same effect if established.

**3.—Amount in Controversy—Pleading.**

A pleading in Justice Court alleging items of damage aggregating more

than $200 showed a case beyond the jurisdiction though the petition closed with a general allegation of damages in the sum of $200.·

**4.—Same—Justice Court—Docket Entries.**

A docket entry in Justice Court can only be made from the claim or petition of plaintiff. Where he filed a written petition showing damages exceeding $200, the case was beyond the jurisdiction, though entered on the docket as a claim for $200.

**5.—Jurisdiction—Presumption.**

Presumptions in support of the jurisdiction can not be made in the face of a record which shows the facts to be otherwise.

Appeal from the County Court of Titus County. Tried below before Hon. W. E. Riddle.

*J. M. Burford* and *Glass, Estes, King & Burford,* for appellant.— Since it affirmatively appears that the amount in controversy in this suit is more than $200, neither the Justice Court nor the County Court on appeal had jurisdiction to try his case. It is therefore the duty of this court to reverse and dismiss the same. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478.

*S. P. Pounders* and *Chas. S. Todd,* for appellee, cited: Tarbox v. Brown, 3 Texas, 8; Graham v. Roder, 5 Texas, 145; Dwyer v. Bassett, 63 Texas, 276; Houston Ice & B. Co. v. North Galveston Imp. Co., 29 Texas Civ. App., 40; Hackney v. Schow, 21 Texas Civ. App., 613.

HODGES, Associate Justice.—This suit originated in a Justice Court of Titus County, and was against the appellant Texas & Pacific Railway Company and the St. Louis Southwestern Railway Company of Texas jointly to recover damages to a shipment of burros. Appellee recovered a judgment in that court for $86. On appeal to the County Court judgment was again rendered for him against the Texas & Pacific Railway Company alone for $150.

The first group of assignments raises the question of jurisdiction of the court below. Attention is called to the fact that the record shows on its face that the amount in controversy was over $200. It appears from the transcript that the suit was commenced by the plaintiff in the Justice Court by the filing of a written petition alleging in substance the delivery of forty of the burros to the Texas & Pacific Railway Company at Barstow, Texas, in Ward County, to be shipped over its railway to Big Sandy and there delivered to the St. Louis Southwestern Railway Company to be by it transported to the town of Mount Pleasant. It is averred that by rough handling eleven of the burros were killed and fifteen others were bruised and injured. The value of those killed is placed at $12.50 each, aggregating $137.50, and the damages to those injured at $6 each, aggregating $90; making a total of damages sued for of $227.50. The defendants filed a written answer containing a general demurrer and general denial. In what purports to be a "transcript of judgment" from the Justice Court are the following entries: "Suit upon account

for $200, filed the 24th day of August, 1908. Citation issued 24th day of August, 1908. Returnable to August term, 1908." Then follows the judgment, which appears to have been rendered on the 26th day of February, 1909. The original petition to which we have referred bears a file mark of August 24, 1908, the same date when the entries in the docket of the Justice Court appear to have been made. At a former day of this term, after the appellant's brief was filed in this court calling attention to the amount in controversy as shown by the petition, the appellee made an application for a writ of certiorari, in which it was alleged that the plaintiff's original petition at the time it was filed in the Justice Court claimed damages only in the sum of $200; that after the appeal was perfected to the County Court the appellee amended his petition so as to show that each of the eleven burros killed was worth $12.50, aggregating $137.50, instead of $10 each; that he did not rewrite the petition and file an amended original instrument, but, by consent of counsel for appellant, made the change in the figures of the original without thereafter refiling it. He prayed for a writ of certiorari to the clerk of the County Court of Titus County, commanding him to send up the original instrument for inspection. This application was accompanied by affidavits supporting the facts stated. The writ was refused because we were of the opinion that if we had the original instrument before us we would still be unable without a resort to evidence *aliunde* the record to determine when the erasures or interlineations were made; and for the further reason that the facts stated did not disclose an incomplete record. Article 998 of the Revised Civil Statutes, which empowers Courts of Civil Appeals by affidavit or otherwise to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction, does not authorize us to resort to such evidence in determining the jurisdiction of the court below. The City of Austin v. Nalle, 85 Texas, 550, 22 S. W., 960; Chrisman v. Graham, 51 Texas, 454; Poole v. Mueller, 30 S. W., 951. The question presented in this appeal is, did the court from which it is prosecuted have jurisdiction? In the first case above cited the court said: "But we do not understand that this provision of the Constitution applies to questions which were put in issue, or which could have been put in issue, in the trial court, but only to such as may arise after a final disposition of the case in the court from which the appeal is taken. It has been practically so decided. Chrisman v. Graham, 51 Texas, 454, and causes cited. Every court must, in the first instance, determine its own jurisdiction; and when a question affecting its jurisdiction has arisen in a Court of Appeals, after the final decision of the matters in controversy in the court *a quo,* the Appellate Court must, of necessity, hear evidence *dehors* the record in order to determine it. The question whether or not the trial court had jurisdiction must be determined by the record." In determining the jurisdiction of the trial court, it is clear that we must confine our inquiry to the facts shown by the record alone. In Maass v. Solingsky, 67 Texas, 290, 3 S. W., 289, after alluding to the requirements of the statute with reference to the transmission of the original papers in the record from the Justice to the County or

District Court upon appeal, the court says: "It is from the transcript and papers thus sent up that the County or District Court ascertains what the cause of action presented and tried in the Justice Court was, and of this it must be informed; for on appeal it can pass on no case other than the one tried in the Justice Court. The cause of action asserted in the Justice Court is the only one that can be asserted in the District Court on appeal. When an appeal is taken from any judgment of a District Court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript, or by an agreed case made as the statute permits. In a case originating in a Justice Court this must be shown to this court by the entries made on the justice's docket, by the pleadings filed in the case, if any, or by an agreed case; and if it does not appear what the cause of action was through a transcript which shows it in some of these methods, this court can not revise the action of the District Court; unless it knows what was tried it can not know whether there was error or not." The record in this case showing that this suit was commenced by the filing of a written original petition by the plaintiff in which the aggregate amount sought to be recovered was in excess of the jurisdiction of the Justice Court, the County Court could not and did not acquire any jurisdiction to try the case on appeal, and hence this court is also without jurisdiction. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478, 119 S. W., 294. It is true that in his petition the plaintiff states his aggregate damages at $200; but under the authority of the case above cited the correct sum of the items set out in the body of the instrument will control.

Counsel for the appellee insists that we should ignore the allegations of damages contained in the petition, and should look alone to the amount shown by the transcript of the docket of the justice of the peace. While the statute requires the justice to enter upon his docket both the nature and the amount of the plaintiff's claim, it is contemplated that he shall get this data from the pleadings, or other evidences, deposited or filed with him by the plaintiff. His entries therefore become mere copies where those evidences are in writing. The original pleadings are as much a part of the record to be sent up to the County Court on appeal as are the entries on the docket of the Justice Court. Rev. Civ. Stats., art. 1673. From the pleadings it appears conclusively that the case "tried" in both the Justice and County Courts was a suit for damages in excess of $200. The writer is of the opinion that whatever may have been the amount in controversy when the original suit was commenced in the Justice Court, an alteration in the plaintiff's original petition at any time thereafter before trial showing damages in excess of $200 would defeat the jurisdiction of the trial court. The alteration made in the manner claimed by the appellee was not an error of the court, but the deliberate act of the plaintiff in the suit with the consent of the defendant. The court was thereafter called upon to try a case over which it had no jurisdiction. In doing this it exceeded its authority. The contention of counsel for appellee that we should indulge every presumption in favor of the jurisdiction of the trial court invokes a rule

which has no application here. Such presumptions are indulged only in the absence of opposing facts. Where the record shows affirmatively, as in this case, the amount actually in controversy, there is no occasion for the indulgence of presumptions upon that issue. Chrisman v. Graham, supra.

The judgment of the County Court is reversed and the cause dismissed.

*Reversed and dismissed.*