SMITH v. CARR et ux. (No. 6738.)

(Court of Civil Appeals of Texas. Galveston. Jan. 13, 1915. Rehearing Denied Feb. 11, 1915.)

1. PROCESS ⊙⟼4 — NECESSITY — AFFIRMATIVE RELIEF TO DEFENDANT—NOTICE TO PLAINTIFF.

In trespass to try title, no affirmative relief can be granted to the defendant where no citation or notice of the answer was served on plaintiff and he did not appear in court after answer was filed.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 4, 6, 55; Dec. Dig. ⊙⟼4.]

2. APPEAL AND ERROR ⊙⟼914—PRESUMPTIONS —CONTINUANCE.

Where the record shows merely that the cause was continued after an answer was filed, but no notice thereof served, it cannot be presumed that plaintiff requested or agreed thereto, and, if not, the continuance does not operate as an appearance by plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. ⊙⟼ 914.]

Error from District Court, Galveston County; Robt. G. Street, Judge.

Action by George W. Smith against William Carr and wife. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

W. F. Kelly, of Galveston, for plaintiff in error. Wm. B. Lockhart, of Galveston, for defendants in error.

PLEASANTS, C. J. On October 19, 1911, plaintiff in error, George W. Smith, brought an action of trespass to try title against defendants in error to recover land described in the petition as follows:

"Being part of two hundred acres of the Elijah Frank's one-third league, at or near Boliver Peninsular, and more particularly described as follows, 20⁵/₆ acres more or less, and being all the undivided interest of Rosa Kane, Fred Kane, Agnes Kane, Burnice Kane and John Kane, Jr., Kate Spilling, Mike Belar, Fannie Belar, Evelyne Belar, out of said two hundred acre tract of said one-third league of land, and all the un-divided life estate in and to said one-third league of land of the interest of John J. Kane and being out of and a part of said two hundred acres sold by C. E. Cade & Co., to Hughes & Schrier by deed recorded in volume 81, page 503, Galveston county deed records and the same land conveyed by Charles S. Clough to George W. Smith, deed to same being of record in deed records for Galveston county, Texas, which records are here referred to and made a part hereof for purposes of a better description of the land herein sued for."

The defendants on December 12, 1912, with leave of the court, filed an amended answer in lieu of their original answer filed on December 1, 1911. This amended answer, in addition to general demurrer, special exceptions, and a general denial, contains the following pleading:

"Further answering herein, if necessary, the defendants deny that they are in possession of any part of the land sued for by plaintiff, unless the metes and boundaries of the land sued for by plaintiff conflict with the metes and boundaries of that certain tract of 76 acres of land of which defendants are in possession, and which they own in fee-simple title, which said tract of land is described, and the metes and boundaries of which are as follows."

Then follows a full description of a 76-acre tract of land, and pleas of three, five, and ten years' statutes of limitation, and a prayer that plaintiff take nothing by his suit, and:

"That defendants have judgment against plaintiff for the title and possession of all of the tract of 76 acres of land, and that the eastern boundary thereof be decreed and fixed."

The record fails to show that plaintiff appeared in the case either in person or by attorney after the filing of the petition. No citation was served on plaintiff or notice given him of defendants' amended answer in which they asked judgment against plaintiff for the tract of 76 acres of land described in said answer, and prayed that the boundaries of said tract be fixed as claimed by the defendants. The next term of the court after said answer was filed convened on February 3, 1913. On February 11th the cause was called for trial, and, plaintiff failing to appear either in person or by attorney, his suit was dismissed. The court then proceeded to hear defendants on their plea for affirmative relief, and, after hearing the pleadings and evidence, rendered judgment in favor of defendants against the plaintiff in accordance with the prayer of defendants' answer.

[1] The first assignment of error complains of the judgment on the ground that, plaintiff not having appeared in court after the filing of defendants' answer and no citation or notice of said answer having been served upon him, the court was not authorized to render judgment against him upon the claim set up by the defendants in said answer.

[2] Defendants in error do not question the soundness of the proposition that no judgment can be properly rendered granting a defendant affirmative relief against a plaintiff who has not appeared in the case after the answer seeking affirmative relief is filed, and

---

⊙⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

who has not been served with citation on said answer; but they contend that the record in this case shows an appearance by plaintiff after said answer was filed. This contention was based upon an entry on the minutes of the court on January 25, 1913, showing that the cause was continued. There is nothing in the entry to indicate why or upon whose request the continuance was granted. The entry in the minutes, after giving the style and number of the case, is as follows: "Jan. 25, 1913. Continued." If the plaintiff, after the filing of the defendants' answer, had agreed to a continuance of the case, this would have been an appearance, and he would be charged with notice of the contents of the answer; but we do not think it can be presumed from this record that the continuance was by agreement. It is just as reasonable to presume that the continuance was on motion of defendant, or was a continuance by order of the court because of the failure of either party to appear, as to presume that it was a continuance by agreement of parties. In order for a continuance to operate as an appearance, it must be shown to have been granted upon the motion of the party sought to be thereby held to an appearance in the case or upon his agreement. No appearance of the plaintiff having been shown, and no citation on defendants' answer having been served upon him, the judgment against plaintiff cannot be sustained. The case of Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, is directly in point and is conclusive upon this question.

The judgment of the court below must be reversed, and the cause remanded for a new trial, and it has been so ordered.

Reversed and remanded.