## BROUN v. HAYSLIP. (No. 1366.)

(Court of Civil Appeals of Texas. Beaumont. March 5, 1926.)

**1. Appeal and error ☞493.**

Where default judgment affirmatively shows want of appearance, transcript must contain citation and return, unless omitted by consent of appellant (Rev. Civ. St. 1925, art. 2278 [Complete Tex. St. 1920, arts. 2108–2110]).

**2. Judgment ☞99.**

Recital of service in default judgment, which affirmatively shows want of appearance, is insufficient alone to show jurisdiction.

Error from Jefferson County Court; C. N. Ellis, Judge.

Suit by T. J. Hayslip against George T. Broun and others. Judgment for plaintiff against defendant named, and he brings error. Reversed and remanded.

C. E. Pool, of Beaumont, for plaintiff in error.

T. H. Bowers, of Beaumont, for defendant in error.

O'QUINN, J. Hayslip sued George T. Broun and other parties in the county court at law of Jefferson county, Tex., for breach of an oral contract or agreement, praying for judgment in the sum of $210. No answer was filed by Broun, and judgment by default was rendered against him. The other parties were dismissed from the suit.

[1] Plaintiff in error's third assignment of error, submitted as a proposition, is:

"The court erred fundamentally in rendering judgment by default in favor of defendant in error and against plaintiff in error, for the reason that the record shows no citation and return thereof on plaintiff in error, and that no appearance was made in said cause by plaintiff in error, and that no agreement has been made to omit the same upon the record."

While the judgment recites:

"But the defendant, George T. Broun, though it appearing to the court has been duly and legally cited by personal service for more than ten days prior to this term of the court to appear and answer herein, has wholly made default," etc.

[2] The record does not otherwise show service of citation on plaintiff in error or waiver of same or appearance by him. Article 2278, Revised Civil Statutes 1925 (articles 2108–2110, Texas Complete Statutes 1920), provides that the transcript shall, except as otherwise provided, contain a full and correct copy of all the proceedings had in the case, and if the pleadings or the judgment show an appearance of the defendant in person or by attorney, the citation and returns shall not be copied into the transcript. It seems to be well settled that, where the judgment shows affirmatively a want of appearance, the citation and return should be copied into the transcript, unless waived. The judgment shows that plaintiff in error did not appear, and there is no agreement shown to omit from the record the citation and return. In this state of the record jurisdiction in the court to render the judgment is not shown; the recital of service in the judgment being insufficient. Glasscock v. Barnard, 125 S. W. 615, 58 Tex. Civ. App. 369; Daugherty v. Powell (Tex. Civ. App.) 139 S. W. 625; Hable v. Owens (Tex. Civ. App.) 271 S. W. 131.

The judgment is reversed and the cause remanded.