CORNELIUS v. EARLY et al.   (No. 647.)

Court of Civil Appeals of Texas. Eastland.
Jan. 17, 1930.

Rehearing Denied Feb. 21, 1930.

758 ▮ ▮▮▮▮▮▮

ber 30, 1928. On January 7, 1929, Mary Early, joined by her husband, filed an answer, which, in addition to defensive pleadings, asserted that the deed from J. P. Cornelius to plaintiff, in so far as it undertook to convey more than the one-half interest of J. P. Cornelius, was void, and asked for a cancellation of same. On February 5, 1929, the plaintiff filed a motion reading as follows: "Now comes the plaintiff and dismisses this cause of action as against all of the defendants, and prays the court that such order of dismissal be entered, and at his cost."

On the next day thereafter, February 6, 1929, the court made and entered this order: "On this the 6th day of February, 1929, came on to be heard the motion of plaintiff, J. W. Cornelius, to dismiss the above cause from the docket of this court, and defendants, with pleas for affirmative relief, appeared and objected to said motion; whereupon the court overruled the motion to dismiss and same is hereby in all things overruled."

On the came day (February 6, 1929), Mary Early and husband filed an amended original answer, which reasserted their claim for affirmative relief, including a partition. On the same day Opal Cornelius, a guardian ad litem having been appointed for her, filed a similar answer, containing a plea seeking affirmative relief, including partition.

The case was tried on April 25, 1929. The judgment does not recite an appearance by the plaintiff, but in lieu thereof recites that "the plaintiff, J. W. Cornelius failed and refused to prosecute his suit in this behalf." The appearance of Mary Early and husband, and Opal Cornelius, by her guardian ad litem, Clem Calhoun, is recited, and it is also recited that J. P. Cornelius failed to appear and answer, either individually or as guardian of Opal Cornelius. It is further recited that a jury was waived and "the case was tried on the cross-actions of defendants Mary Early, Charlie Early and Opal Cornelius." Judgment was awarded against J. W. Cornelius, clearing the cloud from defendants' title to the land cast by the deeds made by J. P. Cornelius to plaintiff, and decreeing cancellation of said deeds. A withdrawal of the claim for partition is recited. A further provision of the judgment is: "It is further ordered, adjudged and decreed that plaintiff take nothing as to his suit as against any of the defendants, and that Mary Early, the owner of an undivided one-fourth interest in all the above described land, be admitted into joint possession of same, and that Opal Cornelius and her guardian, J. P. Cornelius, be admitted into joint possession of all of the above described land as the owner of an undivided one-fourth interest in same with plaintiff J. W. Cornelius as the owner of an undivided one-half interest in all of said land, and that defendant J. P. Cornelius as guardian and

Smith & Smith, of Anson, for appellant.

Thomas & Shapard, of Anson, and Clem Calhoun, of Borger, for appellees.

FUNDERBURK, J. This is a suit brought by J. W. Cornelius to remove a cloud from the title to land situated in Jones county. The defendants were Mary Early and her husband, Charlie Early, Opal Cornelius, a minor, and J. P. Cornelius, individually and as guardian of Opal Cornelius. J. P. Cornelius was the son of plaintiff, and Mary Early and Opal Cornelius were his daughters; his wife being dead. The land in question had been conveyed to J. P. Cornelius at a time when he was a married man and his wife living, and after the death of the wife, leaving surviving her the said two children, J. P. Cornelius reconveyed the property to plaintiff, and the question concerning the title involved the further question of whether said property was the community property of J. P. Cornelius. Plaintiff's petition was filed Novem-

individually be further discharged in this suit."

The judgment bears date the 25th day of April, 1929. At the same term of court, and on the 26th day of April, 1929, plaintiff, J. W. Cornelius, filed a motion for new trial, contending, among other things, that the judgment on the cross-action was void because of the want of service upon the plaintiff. The motion for new trial having been overruled, plaintiff has appealed, and, in support of a contention that the judgment of the trial court is erroneous and should be reversed, urges four propositions.

■ The first proposition is: "When plaintiff files a suit and desires to dismiss the same before trial, the trial court cannot deny to the plaintiff the right to take a non-suit at any time before defendants have filed an answer asking for affirmative relief." This appears to be a correct proposition of law, but it is not applicable to the case in hand. Mary Early, joined by her husband, had filed an answer almost a month previously, which we regard as presenting a claim for affirmative relief. Plaintiff did not undertake to dismiss the case in vacation and before appearance day as he might have done under R. S. 1925, art. 2089, without an order of court. The motion to dismiss was made after a part of the defendants answered and after appearance day. It was therefore necessary that the case be dismissed by an order of the court. The order upon the motion was entered on February 6th, the day after the motion was filed, and recites that the defendants had filed cross-actions. From this recital, and the fact that the answer of the minor, Opal Cornelius, was filed the same day, we are justified, we think, in presuming that such answer was on file when the court made its order. If so, all parties were before the court and all defendants had before the court their pleas seeking affirmative relief against the plaintiff. The first proposition, therefore, cannot be sustained.

The third proposition is predicated upon the assumed fact that the plaintiff dismissed his case before the defendants had filed cross-actions seeking affirmative relief, and is, therefore, controlled by what has been said above in reference to the first proposition.

■ By the fourth proposition it is asserted that when a trespass to try title suit is tried and affirmative relief is sought against the absent plaintiffs or defendants, the failure to make up and file, as a part of the record in the case, a statement of facts adduced upon the trial, is fundamental error and should be considered by the appellate court without being assigned as error. We know of no authority, nor are we cited to any, tending to support such a proposition. Clearly R. S. 1925, art. 2158, has no application, for it in terms applies to defendants constructively served with process and who do not answer or appear by an attorney of their own choosing. A similar contention was before this court in Dalton v. Davis et al., 294 S. W. 1115.

■ Appellant's second proposition is: "When a plaintiff has filed a suit and the defendant files his answer and sets up a cross-action asking affirmative relief against the plaintiff, it is error to proceed to a trial upon defendant's cross-action against the plaintiff without first serving the plaintiff with a citation in the same manner and form as required in original suits." The proposition, of course, is too narrowly stated to be literally correct. A waiver of citation, an answer filed in reply to the cross-action, or an appearance to same, would be equally effective as the service of citation to confer jurisdiction over the plaintiff's person. We have concluded, however, that upon the record it is our duty to consider whether it affirmatively appears, as is required, that the court had jurisdiction to enter judgment in favor of the defendants against the plaintiff on their cross-actions, or against the plaintiff, as was done upon the cause of action asserted by him.

It is so well settled as not to require the citation of authorities that, in the absence of an appearance by the plaintiff at the trial of the case, the defendants were not entitled to a judgment against the plaintiff upon the cause of action asserted by the plaintiff against the defendants. Burger v. Young, 78 Tex. 656, 15 S. W. 107. The record does not show an appearance of the plaintiff at the trial. Not even the judgment recites such appearance. The error is fundamental, and will require a reversal of the case unless it can be said that certainly no injury has resulted to plaintiff. Whether injury has resulted is a question which upon this record, because of the fact that the plaintiff's cause of action and the cross-actions of the defendants, appear to involve the same matters, may be one of more or less difficulty. For that reason, and because a disposition of the case is controlled by other considerations hereafter discussed, we will not undertake to determine whether the error was harmless.

■ We will now consider whether or not the court, as affirmatively shown by the record, had jurisdiction of the person of plaintiff to render judgment against him upon the defendants' cross-actions. There was no service, acceptance, or waiver of process upon the cross-actions. Plaintiff filed no answer in reply to the cross-actions. R. S. 1925, art. 2050, provides: "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law." Within this statutory provision, as applying to defendants' cross-actions, the defendants were plaintiffs, and the plaintiff was defendant. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172,

173. The question is therefore narrowed to a consideration of whether or not the record discloses that plaintiff made an 'appearance to the cross-actions. If any such appearance was made, the evidence thereof, other than the mere filing of the suit, consists solely of the facts that on February 5, 1929, plaintiff filed a statement that he dismissed the case, with prayer for an order of dismissal; that at that time there was on file by one defendant a plea seeking affirmative relief; that on the next day, at the time the court made its order overruling the motion to dismiss, all defendants had on file their pleas seeking affirmative relief, and the defendants objected to the dismissal of the cause for that reason. Whether plaintiff appeared, either in person or by attorney, in court, at the time of the hearing upon the motion to dismiss, the record does not disclose. Such defect in the record is attempted to be supplied by an affidavit of defendants' attorneys, found in the transcript as a filed paper, showing that plaintiff's attorney was present in court when defendants made their objections to the dismissal and when the court acted upon the motion. We doubt if the fact supplied by the affidavit can properly be shown by that means, but in the view we take it is unnecessary for us to decide that point. We will assume that plaintiff's attorney came into court solely for the purpose, since the record discloses no other, of insisting upon his right to have the case dismissed. When the court overruled the motion to dismiss, plaintiff should have excepted, but did not. He 'appears thereafter to have wholly ignored the proceedings until after judgment, when a motion for new trial was filed.

■ Preliminary to the main question to be considered, we will first give some attention to the plaintiff's right to have his cause of action dismissed. R. S. 1925, art. 2182, provides that: "At any time before the jury has retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." Decisions are to be found which interpret this statute as justifying the refusal of a court to permit a plaintiff to take a nonsuit, but we are inclined to the view that the right to take a nonsuit within the time specified is absolute. That plaintiff can control absolutely whether he will prosecute his claim against the defendant or not is, we think, recognized by the Supreme Court in Harris v. Schlinke, supra, in the statement that "the cross bill, as an independent action, was as fully under the control of the defendant *as was the original suit subject to the will of the plaintiffs*," etc. (Italics ours.) The statute, in prescribing that, by taking a non-suit, the plaintiff shall not "thereby prejudice the right of an

adverse party to be heard on his claim for affirmative relief," does not thereby interpose a condition to the right to take a nonsuit, but merely provides that such nonsuit shall not have the effect to so prejudice an adverse party. In recognition of this interpretation of the statute the Supreme Court approved an opinion by the Commission of Appeals in the case of Bailey v. Federal Supply Co., 287 S. W. 1090, 1091, wherein it was held that "article 2182, R. C. S. 1925 (article 1955, R. S. 1911) gave the company the right to take a nonsuit, but it expressly provides that it should 'not thereby prejudice the rights of an adverse party to be heard on his claim for affirmative relief.' The request made by the company was to nonsuit its cause of action against Bailey, and not to dismiss Bailey's cause of action against it." In Thomason v. Sherrill, 4 S.W.(2d) 304, 306, we had this matter under consideration, and there gave examples to show how the statute operates to prevent prejudice without a denial of the right of nonsuit, and, after conceding that, if upon the facts of any particular case, plaintiff could not take a nonsuit without prejudicing the claim of defendants asserting affirmative relief, such nonsuit must be denied, suggested that "we cannot, however, well see how such a condition could exist." We, however, need not go further now than to say that generally, if not always, the plaintiff may take a nonsuit without it having the effect to prejudice claims of defendants upon pleas seeking affirmative relief, and the record in this case is not one where, to prevent such prejudice, the right to dismiss must be denied.

We now come to consider what we have denominated the principal question in this case, viz., whether the record discloses that plaintiff made such an appearance in response to the defendants' cross-actions, as authorized judgment upon the cross-actions.

■ In Harris v. Schlinke, supra, the Supreme Court said: "By the petition in the original suit the plaintiffs called the defendant into court to answer a charge of trespass upon their lands and eviction of them from the possession of it, and asked the court for a judgment establishing the plaintiffs' title thereto, and a restoration of the possession. The plaintiffs were bound to take notice of all pleadings and procedure in answer to the charges made in the original petition, but how can it be said that the plaintiffs were also required to take cognizance of an independent claim which might be asserted in that suit as a matter of convenience? A defendant, being served or having appeared, is required to take notice of all amendments to the petition relating to the original cause of action, *but is not charged with notice of an amendment setting up a new cause of action. Morrison v. Walker, 22 Tex. 19.* (Italics ours.) The principle applies with equal force in fa-

vor of the plaintiff as to the cross bill, which sets up a new matter not embraced in defensive pleading. The cross bill, as an independent action, was as fully under the control of the defendant as was the original suit subject to the will of the plaintiffs, and it follows logically that the same means should have been used to call upon the defendants to the cross bill to answer its charges as were required by law to compel the defendant in the original suit to appear and plead to that complaint."

This is a leading case. It has never been overruled except as to the clause underscored, which refers to a defendant, and not in terms to a plaintiff, and has from time to time been cited with approval. The holding in Harris v. Schlinke, supra, to the effect that a plaintiff, by the filing of his suit, does not so invoke the jurisdiction of the court to litigate the subject-matter of a cross-action, as to dispense with the necessity of service, acceptance, or waiver of process, or of a further appearance after the filing of the cross-action, is supported by the following decisions listed in roughly chronological order: Boyce v. Concho Cattle Co. (Tex. Civ. App.) 70 S. W. 356; Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872; Bryson v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820; Smith v. Carr (Tex. Civ. App.) 173 S. W. 602; Commercial Credit Co. v. Wilson (Tex. Civ. App.) 219 S. W. 298; McGowan v. Lowry (Tex. Civ. App.) 230 S. W. 465 (writ refused); Security State Bank v. Merritt (Tex. Civ. App.) 237 S. W. 990; Southern Equipment Co. v. Hallman (Tex. Civ. App.) 10 S.W.(2d) 261. Upon these authorities we feel warranted in excluding from further consideration the fact that plaintiff, by the filing of his suit, voluntarily invoked the jurisdiction of the court (as to his own case), and by such act "grants" the defendants "the privilege of setting up all such counterclaims and cross-actions as" any defendant "holds against the plaintiff which may legally be pleaded in such a suit." De La Vega v. League, 64 Tex. 215; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056. Because thus invited a defendant is under no compulsion to accept, and, if he does so, he is required to acquire jurisdiction of the court just as plaintiff was in the first place.

■ Wherein, then, does the record affirmatively show that plaintiff appeared after the filing of the cross-actions? It must be kept in mind that, unlike the case of a collateral attack upon a judgment, no presumptions are to be indulged in favor of the court's jurisdiction. Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714. Even had the judgment recited due service of process, such recitation would have been ineffectual to show service. Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615, and authorities there cited.

■ Did plaintiff make the requisite appearance in appearing to present his motion to dismiss? It may be conceded that generally, at least, a defendant coming into court to urge a motion will thereby make an appearance in the case. There is this difference, however, in the case of a plaintiff and a defendant. Any motion made by a defendant in a pending case almost of necessity must refer to the subject-matter of the plaintiff's cause of action. But plaintiff's motion in this case to dismiss the suit cannot be said to have any certain reference to the defendants' cross-actions. Such is a necessary effect of the holding in Bailey v. Federal Supply Co., supra. Mere knowledge on the part of plaintiff or his attorney that defendants had filed a cross-action cannot be held to constitute an appearance. The very terms of R. S. 1925, art. 2050, excludes it. Mere attendance in court, with such knowledge, does not constitute an appearance. Gutierrez v. Cuellar (Tex. Civ. App.) 236 S. W. 497; Jameson v. Farmers' State Bank (Tex. Civ. App.) 299 S. W. 458. It may be conceded that, if the record had shown that plaintiff, with knowledge of the existence of the cross-actions, had in open court agreed to a continuance of the case, such fact should be held to constitute an appearance. This for the reason that such act with such knowledge would necessarily imply an assent to try the cross-actions in the future. No such agreement, however, can be presumed from the mere fact that there was a continuance of the case. Smith v. Carr, supra. Had plaintiff come into court, and, having knowledge of the filing of the cross-actions, in any manner appealed to or resisted the jurisdiction of the court, in a way, expressly or by necessary inference, referring to the cross-action, it may be that such would constitute an appearance. But this record, even if we consider the affidavit of appellees' attorneys, fails to show any such state of facts. Field v. O'Connor (Tex. Civ. App.) 80 S. W. 872, in which writ of error was refused, was an exactly similar case. There "* * * the plaintiffs dismissed their case." It was held that there was no appearance. Here the plaintiff did no more. The appearance to dismiss had no necessary relation to the cross-action. As said by the Supreme Court of West Virginia: "The appearance must have some relation to the merits of the controversy, and the purpose must be to invoke some action on the part of the court *having direct bearing in some way upon the question of the judgment or decree proper to be entered.*" (Italics ours.) Fulton v. Ramsey, 67 W. Va. 321, 68 S. E. 381, 384, 140 Am. St. Rep. 969.

The conclusions above stated, it may be admitted, are not in agreement with expressions to be found in a few cases, notably Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 584 (writ dismissed). In that case the conclusion was announced

762

that "when plaintiffs filed their suit, it was an appearance which invoked the jurisdiction of the court, and invited a determination of the issues presented." "Issues presented" included a cross-action. The opinion then quotes from Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136, 137, referring to a defendant, as follows: "Having entered his appearance in the main case, McKinley was before the court for all purposes, and Doyle was entitled to judgment against him upon his cross-action without the necessity of citation." We confess that there seems to us some justification for the Court of Civil Appeals in the Davis Case to undertake to apply the rule as announced in Sullivan v. Doyle. In Sullivan v. Doyle, supra, the Supreme Court did hold that a defendant having once appeared in the case was thereafter chargeable with notice of a plea of intervention subsequently filed, and that it was unnecessary for such defendant to be cited or make further appearance in the case. Sullivan v. Doyle makes no mention of Harris v. Schlinke, supra, and in holding, as above stated, the court declared a rule in direct conflict, it seems to us, with that stated in Harris v. Schlinke, wherein, after declaring the general rule that "a defendant, being served or having appeared, is required to take notice of all amendments to the petition relating to the original cause of action," further held, "but is not charged with notice of an amendment setting up a new cause of action," citing as authority Morrison v. Walker, 22 Tex. 19. The rule as announced in Sullivan v. Doyle, supra, was applied in Cruz v. Texas Glass, etc., Co. (Tex. Civ. App.) 199 S. W. 819, 820, so as to permit a judgment to be taken against defendant, who had entered an appearance and thereafter abandoned the suit, upon a cross-action subsequently filed against him by an intervener, and of which presumably he had no notice whatever. It is a little difficult for us to appreciate the principle of a supposed distinction which requires a defendant who comes into a case involuntarily to take notice of everything that may thereafter be filed therein at his peril, without having been called to do so by the usual means, but which will permit a plaintiff, who voluntarily invokes the jurisdiction of the court and invites a defendant to set up cross-actions or counterclaims, to take no further notice of the litigation subject to the hazard only that his suit may be dismissed. It seems to us that to have followed all of the procedure approved in Harris v. Schlinke, with reference to both plaintiffs and defendants, would have preserved simplicity as well as certainty and justice. Since the Supreme Court, as far as we are aware, has never approved the application of the rule announced in Sullivan v. Doyle to the case of a plaintiff as here, but on the contrary being convinced that the Su-

preme Court has subsequently, inferentially at least, approved the rule as stated in Harris v. Schlinke, as applied to the case now before us, we feel that we are justified in the conclusions above announced, although the principle of same does seem to us to be contrary to the holding in Sullivan v. Doyle. The judgment in Davis v. Wichita State Bank & Trust Co., supra, was justified on entirely a different theory than that plaintiff entered his appearance by the filing of the suit; viz., with knowledge of the cross-action, the plaintiff appeared by his attorneys and agreed to a postponement and setting of the case.

Having concluded that the trial court erred in refusing to grant appellant's motion for new trial, the judgment will be reversed, and the cause remanded. It is accordingly so ordered.