In re VOIGT'S ESTATE.

No. 8713.

Court of Civil Appeals of Texas. San Antonio.

Jan. 13, 1932.

Rehearing Denied Feb. 24, 1932.

Marcus W. Davis and Henry E. Vernor, both of San Antonio, for appellant.

A. L. Matlock, Ben H. Kelly, and J. R. Cade, all of San Antonio, for appellee.

FLY, C. J.

This is an appeal from a judgment of the district court of the Forty-Fifth district, denying the probate of a will described as having been executed by Margaret Voigt, deceased. The record of the proceedings in the district court filed here shows that the application to probate the will was filed on December 28, 1926, and that the same application was filed in the district court on August 25, 1927. The record fails to show what action, if any, was taken by the county court or how the case reached the district court. There is .no judgment of the county court found in the record, no notice of appeal, and no appeal bond. There is a total absence of any transcript of the proceedings of the county court in the transcript sent up to the district court, or any of the original papers filed in the county court. These are statutory requirements which must be met to confer jurisdiction on the district court. Article 3702, Revised Statutes of Texas; Tex. Jur. vol. II, pp. 715 to 718. Jurisdiction must be shown to have been in the district court by showing a compliance with the law as to appeals from an inferior court. Jurisdiction in such cases will not be presumed. Tex. Jur. p. 1040, § 736; Railway v. Hood (Tex. Civ. App.) 125 S. W. 982.

The statute as to appeals from the county court to the district court has not been complied with, and this fact is fully realized by appellant, for at the bottom of a page of a typewritten statement of facts the following has been written with pen and ink on a carbon sheet: "It is Agreed between Counsel that the Decree of the Court entered after hearing had thereon in the County Court is on Record and here referred to and considered in evidence on question of Jurisdiction. This record shows that the Probate Court denied the probate of the alleged will of Margaret Voigt, deceased, and that proponent gave notice of appeal to the District Court and filed and had approved his bond for appeal."

The agreement states "this record," but, if the record in this court is meant, the statement is not true, for the record in this court fails .to show any jurisdiction in this court, and an agreement by attorneys cannot give jurisdiction to this court. The conclusions of attorneys as to a judgment and as to notice of appeal and appeal bond cannot be recognized as complying with the imperative demands of the law. Matters. which the statute requires to be shown by the transcript may not be shown by recitals in the judgment, nor may the parties by agreement substitute their narrative of what orders, decrees, or judgments were rendered in the trial court for the authenticated copy of those things required by law to be inserted in the transcript. Tex. Jur. vol. 3, p. 684, § 487. It is further said by the authority quoted, in the same paragraph, that "annotations on the margin of the transcript, made by the clerk or anyone else, cannot be taken to show what was done, when the record itself fails to disclose it." It is so held in the case of Railway v. Worcester (Tex. Civ. App.) 100 S. W. 990. See, also, case of Carlton v. Krueger (Tex. Civ. App.) 115 S. W. 619, 622. In this case the court said: "If the parties can by an agreement dispense with the requirement that a copy of the order complained of, together with the exceptions thereto, be contained in the record and certified to by the clerk, then they could with equal propriety, by the same process, dispense with any other order, decree, or judgment rendered in the court below. Under such a practice appellate courts might frequently be called upon to consider errors assigned to such orders and decrees merely upon a statement of what the parties, or their attorneys, may have agreed was the legal effect of such adjudications."

The record fails to show that the district court had obtained jurisdiction of this cause, and it follows that this court has no jurisdiction, and consequently the cause must be dismissed.

Dismissed for want of jurisdiction.

On Motion for Rehearing and for Writ of Certiorari.

Appellant has filed a copy of an appeal bond filed in the county court, but which is affirmatively shown, by a certificate of the county clerk, never to have been sent to the district court or filed therein. The jurisdic-

tion of the district court was an appellate jurisdiction obtainable only by filing an appeal bond, as provided by statute. No bond having been filed in the district court, jurisdiction did not attach, and this court cannot, by obtaining the bond filed in the county court, but never sent to the district court, confer upon the district court a jurisdiction never acquired by it, and assume jurisdiction over the appeal from the district court. It would be the limit of its power to acquire jurisdiction by permitting an appeal bond to this court, not placed in the record on appeal, to be certified and sent to this court.

The amended record from the county court cannot be considered, and the motion to file it and the motion for rehearing are overruled.