FRUIT DISPATCH CO. v. INDEPENDENT FRUIT CO. et al. (No. 7778.)

(Court of Civil Appeals of Texas. Dallas. Oct. 20, 1917. Rehearing Denied Nov. 24, 1917.)

1. JUSTICES OF THE PEACE ⊜164(1)—APPEAL —TRANSCRIPT SHOWING JURISDICTION.
   On appeal from justice court to the county court, it is necessary for the transcript to show jurisdiction in the county court; and, if it fails to do so, the appeal will be dismissed.

2. APPEAL AND ERROR ⊜715(2)—AFFIDAVITS IN SUPPORT OF JURISDICTION—APPEAL FROM JUSTICE COURT—RECORD.
   The Court of Civil Appeals is permitted to take affidavits in aid of its jurisdiction, but can know whether the county court had jurisdiction of an appeal from justice court only from the record sent up from the justice court.

3. JUSTICES OF THE PEACE ⊜159(10) — APPEAL TO COUNTY COURT—TIME FOR FILING APPEAL BOND.
   Where appeal bond was not filed in justice court until 16 days after the date of judgment, the county court had no jurisdiction to try the case on appeal.

4. APPEAL AND ERROR ⊜20 — JURISDICTION OF APPEAL—JURISDICTION OF COURT BELOW.
   Jurisdiction in the county court of a case on appeal from justice court was necessary to give the Court of Civil Appeals jurisdiction on appeal from the judgment of the county court.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by the Fruit Dispatch Company against the Independent Fruit Company and others. From a judgment for defendants, plaintiff appeals. Judgment reversed, and appeal dismissed.

Paul A. McDermott and Smith, Robertson & Robertson, all of Dallas, and Thompson, Barwise & Wharton, of Fort Worth, for appellant. Curtis Hancock, George & Hardwick, and Saner, Saner & Turner, all of Dallas, for appellees.

RAINEY, C. J. Appellant brought this suit in the justice court to recover of appellees for the sum of $187.50, the price of a carload of bananas. Appellant recovered judgment in the justice court, from which appellee attempted to appeal to the county court, which court assumed jurisdiction and tried the case, and judgment was rendered for appellees, from which judgment appellant appealed to this court.

We are met at the threshold of our consideration of this case with the proposition by appellant that the appeal bond was not filed in the justice court within 10 days after the rendition of the judgment of that court, which renders this court without jurisdiction to determine the merits of the controversy involved. The appellees have filed an affidavit of one of the appellees to the effect that a motion for a new trial was filed in the justice court on the day the judgment was rendered in said court, to wit, February 3, 1914, and contends that, as no entry is shown of any action taken by the justice court on said motion, it is to be presumed that the motion was overruled by operation of law, and as the appeal bond was filed with the justice court on February 19, 1914, which was within 10 days after the motion for new trial, it would be presumed to have been overruled by law; therefore we should take jurisdiction of this case.

These contentions raise the question whether or not, under the facts presented, we can assume jurisdiction. The entries, as shown by the justice's transcript, show no entry in relation to the motion as to being filed or acted upon. No fees are charged in the fee bill, nor is there any motion for new trial among the papers.

[1] After the case reached the county court, some of the papers were lost, which were duly substituted; but there was nothing done in relation to the motion for a new trial, nor is there any entry on the justice's docket in relation to it. No question of jurisdiction was raised in the county court, and it is raised here for the first time. In an appeal from the justice court to the county

court, it is necessary for the transcript to show jurisdiction in the county court, and, failing to so show, the appeal will be dismissed.

[2] The court is permitted to take affidavits in aid of its jurisdiction; but, to assume jurisdiction in this case, jurisdiction of the county court must have existed, and this court can only know such fact from the record sent up from the justice court. In Chrisman v. Graham, 51 Tex. 454, where an appeal was to the Supreme Court, the question of jurisdiction of the district court was under consideration, it was held that the record must show that fact and an affidavit aliunde the record was not considered. The court said:

"There is, however, a marked distinction between this right and that to inquire into the jurisdiction of the court below by evidence aliunde the record."

In the case of Poole v. Mueller, 30 S. W. 951, it is held:

"Evidence dehors the record is heard by an appellate court when its own jurisdiction is the subject of inquiry. But the jurisdiction of the court from which the appeal comes is determined solely by inspection of the record."

[3, 4] The transcript in this case showing that the appeal bond was not filed in the justice court until 16 days after the date of the judgment, it follows that the county court had no jurisdiction to try the case, which was necessary to give this court jurisdiction.

The judgment of the county court is reversed, and this appeal is dismissed.