## MARYLAND CASUALTY CO. v. BROWN.
### No. 8499.

Court of Civil Appeals of Texas. Austin.
May 27, 1936.

Rehearing Denied June 17, 1936.

R. H. Mercer, of San Antonio, for appellant.

Geo. S. Dowell and Henry Brooks, both of Austin, for appellee.

BAUGH, Justice.

This is a workmen's compensation case. Karotkin Furniture Company of Austin, as employer, carried a workmen's compensation policy with appellant, as insurer, covering its employees. W. S. Brown, one of its employees, received an injury in 1934, for which the Industrial Accident Board awarded him compensation at $15 per week for 401 weeks. The insurer sued in the district court to set aside this award. Upon a trial to the court without a jury, the court awarded Brown compensation at the

rate of $20 per week for 401 weeks, decreed that it be paid in a lump sum, and fixed the amount of attorney's fees to be paid to his attorneys. From this judgment, the insurer has appealed.

The first and principal contention made by appellant, as stated in its brief, is:

"It is the contention of the appellant herein, in a 'nutshell', under the foregoing propositions Nos. 1 & 2, that it was a reversible error for the trial court to set the appellee's compensation rate at Twenty ($20.00) Dollars per week, and render judgment for such amount for Four Hundred One (401) weeks, because there was no evidence in the record to support the finding of such a weekly compensation rate."

Brown had been in the employ of Karotkin Furniture Company only seven months at the time of his injury, and had not been working in that character of employment substantially the whole of the year immediately preceding his injury. That being true, his compensation could not be fixed under first subdivision 1 of section 1, art. 8309, R.S. The compensation fixed under the pleadings and the proof consequently falls under the provisions of first subdivision 2, § 1, of article 8309, and is based upon "the average daily wage or salary which an employe of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place," etc. Under this section, therefore, the weekly wage received by him from his employer during such seven months previous employment could not be used as a basis for fixing his compensation. Texas Employers' Ins. Ass'n v. Villarreal (Tex. Civ.App.) 1 S.W.(2d) 692. While considerable evidence was introduced as to what Brown was paid by his employer, and what he earned independent of his employment outside of working hours thus increasing his weekly earnings, no complaint is made here of such evidence and no showing made that the trial court took this evidence into consideration in arriving at the compensation awarded. All such evidence may therefore be disregarded, and our inquiry limited to the question of whether there was competent evidence to sustain the judgment.

The controlling question presented is what was the class of the work done by Brown. Appellant contends that the evidence indisputably shows that he was a mere "handy man" around the furniture store, loading and driving a truck, delivering furniture to customers, and only occasionally installing or repairing electric refrigerators; and that since the only evidence introduced by appellee related to the pay of men engaged exclusively in the installation, service, and repair of refrigerators, there was no evidence of the compensation of men doing "the same class of work" as that done by Brown.

There is no denial by appellant of liability under its policy. The only question presented is as to the amount of compensation appellee was entitled. This in turn depends upon what was the "class" of his employment. That was a fact issue for the trial court to determine. New Amsterdam Cas. Co. v. Hosch (Tex.Civ.App.) 78 S.W. (2d) 633, 634. Obviously, the trial court found that he was entitled to classification as an expert refrigerator man. His qualifications in this respect were attacked by appellant, which undertook to show that not only was he not so qualified as a refrigerator expert, but that he was not employed, nor paid, nor did he work as such, except occasionally, and that such work required but a small per cent. of his time. Such was the testimony of two of his employers, who were apparently adverse witnesses.

The fact issue as to the classification of his service having thus been raised and found against appellant by the trial court, the general rule becomes applicable that on appeal the extent of our inquiry is whether the record discloses competent evidence to sustain the trial court's judgment in this regard.

There was evidence to show the following: That Karotkin Furniture Company was selling electric refrigerators at the time it employed Brown; that the sale thereof constituted about 10 per cent. of its business; that at that time it had some fifteen or sixteen employees; that Brown did all of its installation, service, and repair of such refrigerators, and during hours outside of his regular employment installed and repaired other refrigerators, for which he was compensated by the owners and which brought him additional earnings equal to or greater than what Karotkin paid him; that he had worked as a refrigerator expert in Houston from 1925 to 1929; that while in Karotkin's employ the company sent him to a school at San Antonio conducted by the makers of the type of refrigerator which Karotkin sold, and was given a certificate of capacity, authorizing him to install, service, and repair this make of refrigera-

tors; that he was the only man employed by Karotkin at the time for that purpose; that the report made by the employer to the Industrial Accident Board of the injury showed his occupation as that of "refrigerator expert"; and that such was his "regular occupation."

The foregoing facts, considered in support of the trial court's judgment, were we think clearly sufficient to sustain such judgment, obviously predicated upon a finding by the court that the "class" of Brown's employment was that of a refrigerator expert. The uncontroverted evidence showed that the pay of such employees similarly engaged, in the city of Austin during the year immediately preceding Brown's injury, was from $135 to $160 per month. This was amply sufficient to sustain the trial court's award of $20 per week.

Appellant also complains of the admission of appellee's testimony as to his employment in Houston as such refrigerator expert from 1925 to 1929, and the compensation he received therefor. This on the ground that it occurred more than one year prior to the date of the injury, and not in a "neighboring place," as provided by the statute. This contention is not sustained. Brown's qualifications having been made an issue, this testimony was competent on that issue. When objections to this testimony were made, appellee's counsel stated to the court that, "We are offering it solely for the purpose of showing his competency for this work." It will be presumed, therefore, that the trial court considered it only for that purpose, and on that question it was clearly admissible.

Appellant next complains of the admission of the testimony of J. R. Reed, a dealer in electric refrigerators in Austin, as to what he had during the year preceding appellee's injury paid his employees whose duties were to install, service, and repair electric refrigerators. This objection was predicated upon appellant's contention that the undisputed evidence showed that Brown's employment was not in the same class as those whom Reed had so paid. If in fact Brown's employment were not of the same class or character as that of Reed's employees, appellant would be correct. But, as stated above, there was ample evidence from which the trial court could, and obviously did, find that Brown's work was of the same class, within the meaning of the statute, as that performed by Reed's refrigerator men.

That being true, this evidence came clearly within that admissible under the statute to fix the injured employee's compensation.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.