TRADERS & GENERAL INSURANCE COMPANY V. ROY GARRY.

No. 7494.  Decided October 9, 1940.
(143 S. W., 2d Series, 370.)

*Lightfoot, Robertson & Gano,* of Fort Worth, and *Barnes & Barnes,* of Beaumont, for plaintiff in error.

When plaintiff alleges as ground for his suit that he was an employee of "Mose Sampson"; that he was injured while working as an employee of "Mose Sampson," and the evidence shows that he was injured while working for "Mose Sampson," and there is no evidence that he ever presented to the Industrial Accident Board a claim for compensation as the employee of "Mose Sampson," but that the claim he did present to said Board showed that he was the employee of the "Sampson Iron & Supply Company" and that was the only claim ever heard by the said Industrial Accident Board, then, as a matter of law, said plaintiff failed to make a prima facie case, and defendant's motion for an instructed verdict should have been granted. Fidelity & Casualty Co. v. Millican, 115 S. W. (2d) 464; Commercial Casualty Ins. Co. v. Hilton, 55 S. W. (2d) 120; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084.

*Shivers & Keith,* of Port Arthur, for defendant in error.

Where the evidence showed that the claimant for workmen's compensation was injured while in the employ of Mose Sampson, whom the evidence also showed was his employer, and that said employer and his insurance carrier had knowledge of such injury and recognized his inability to work, and the carrier paid him compensation for eight weeks under an award of the Industrial Accident Board, a proposition that the naming of his employer as the Sampson Iron & Supply Company in his claim for compensation does not reflect error in the absence of any special exception to the pleadings, and such proposition discloses no error. Consolidated Underwriters v. Lee, 107 S. W. (2d) 482, and other authorities cited in the opinion.

Mr. Justice Sharp delivered the opinion of the Court.

This is a compensation case. The case was submitted to the jury on special issues. Roy Garry recovered a judgment in the trial court against Traders & General Insurance Company for the sum of $2,501.56, to be paid in a lump sum. The Court of Civil Appeals at Beaumont affirmed the judgment of the trial court. 118 S. W. (2d) 340.

We will designate the plaintiff in error as Insurance Company and the defendant in error as Garry.

This Court granted a writ of error, based substantially on the following propositions: That Garry brought this suit on the ground that he was an employee of Mose Sampson, and alleged that he was injured while working as an employee of Mose Sampson; that the undisputed evidence shows that he was injured while working for Mose Sampson, and that there was no evidence that he ever presented a claim to the Industrial Accident Board asking for compensation as an employee of Mose Sampson; that the undisputed evidence shows that the notice of injury and the claim for compensation based on the injury alleged a claim and presented a claim based upon the alleged fact that he was an employee of the Sampson Iron & Supply Company; that while the undisputed evidence shows that the only claim originally presented by Garry and heard by the Industrial Accident Board was a claim based upon the alleged fact that he was an employee of the Sampson Iron & Supply Company, as a matter of law Garry failed to make out a prima facie case and failed to establish jurisdiction of the trial court; and that the Insurance Company's motion for an instructed verdict should have been granted, or the suit dismissed.

In answer to the contention made by the Insurance Company, Garry contends, in substance: That the undisputed evidence shows that he sustained an accidental injury in the course of his employment with Mose Sampson, which resulted in disability; that the employer and the Insurance Company both had actual notice of said injury and the accompanying disability; that the Traders & General Insurance Company having paid Garry eight week's compensation, the Industrial Accident Board made and entered an award reciting that after due notice to all persons there came on to be considered the claim for compensation by Garry against the Insurance Company, insurer of Mose Sampson; that the undisputed testimony of Mose Sampson shows that he had a policy of workmen's compensation

with the Traders & General Insurance Company which covered Garry; that the Insurance Company answered only by general denial, raised no objection to the introduction of the testimony, and made no complaint in the motion for new trial, but only asserted that there was a variance for the first time upon appeal; and that the Court of Civil Appeals did not err in holding that the trial court had jurisdiction of the appeal from the final award of the Industrial Accident Board.

Garry pleaded that on, or about, the 30th day of September, 1936, he sustained a personal injury in the course of his employment by "Mose Sampson, doing business as Sampson Iron & Supply Company, at Port Arthur." He further alleged that within thirty days from the date of such personal injury thus sustained the Traders & General Insurance Company had due and sufficient notice of said injury, or, in the alternative, that the defendant "had actual knowledge of said injury and accepted liability thereunder, and paid unto the plaintiff certain sums due by virtue of the compensation insurance laws of the State of Texas, thereby waiving any defect in such notice." The Industrial Accident Board made its final ruling, decision, and award on March 9, 1937, reciting that, "After due notice to all parties, came on to be considered by the Industrial Accident Board claim for compensation by Roy Garry against Traders & General Insurance Company." The award made by the Industrial Accident Board was in Cause No. W-1714, "Roy Garry, Employee, v. Mose Sampson, Employer, Traders & General Insurance Company, Insurer."

In the opinion of the Court of Civil Appeals, written by Chief Justice Walker, is set out in detail the steps taken before the Industrial Accident Board with reference to Garry's claim, and that court held that the District Court had jurisdiction of the case, and stated the conclusions of that court as follows:

"On the undisputed facts, appellee at the time of his injury was in the employment of Mose Sampson, and appellant was Sampson's compensation insurance carrier. He brought this suit against appellant as Sampson's compensation insurance carrier, alleging that he was injured while in the course of his employment with Sampson. In his report of injury to the Industrial Accident Board he made the statement that he was an employee of Sampson Iron & Supply Company, and that Great American Indemnity Company was the compensation insurance carrier.

\* \* \* \* \* \* \*

"Before appellee filed his claim with the Industrial Accident Board appellant recognized its liability to him by paying him about eight weeks compensation. It is our conclusion that the Industrial Accident Board had before it all parties interested in the award, and made its final award as between the necessary parties—appellant as the compensation insurance carrier, appellee as the employee, and Mose Sampson as the employer."

Garry was seriously injured, and was immediately provided treatment by the Insurance Company. Subsequently he filed his claim for compensation, asserting that he had received the injury while in the course of his employment with Sampson Iron & Supply Company. The Industrial Accident Board, recognizing that Garry possibly had made a mistake in filing his claim for compensation, corrected the same, and entered it upon the docket as a claim against Mose Sampson, employer, and Traders & General Insurance Company, insurer.

An appeal was taken from said award by Garry, and he alleged that he was an employee of Mose Sampson, "doing business as Sampson Iron & Supply Company." Upon the trial the Insurance Company made no objection whatsoever to the pleadings of Garry, answered solely by general denial, and did not file a plea in abatement or a plea to the jurisdiction. In the Court of Civil Appeals the Insurance Company for the first time raised the specific objection that Garry's claim had not been before the Industrial Accident Board, and then only under an assignment that the trial court erred in overruling its motion for a peremptory instruction.

During the trial Mose Sampson testified that the Traders & General Insurance Company had theretofore issued to him a policy of workmen's compensation insurance, covering his employees,—of whom Garry was admittedly one.

■■ A liberal construction is to be given the acts of the Industrial Accident Board in carrying out the provisions of the compensation laws. Proceedings before the Industrial Accident Board are informal, and the law does not exact any formal method of presenting claims to that tribunal. The same strictness in presenting claims to the Board for its decision does not prevail as before a court of record. It is true that Garry made the statement in his report of the injury to the Industrial Accident Board that he was an employee of Sampson Iron & Supply Company, and that the Great American Indemnity Company was the compensation carrier. The Industrial Accident Board recognized this mistake and made a correction thereof, and issued notice to all parties, including the Traders & Gen-

eral Insurance Company, of the claim made by Garry; and after due notice to all parties, judgment was entered in favor of Garry, as above stated. The award of the Board recites that the policy of compensation was carried by the Traders & General Insurance Company, and the Great American Indemnity Company is not mentioned in the final judgment of the Board. There is nothing in the record to show that the Insurance Company objected to the proceedings before the Industrial Accident Board. After an appeal had been made from the award of the Industrial Accident Board, and during the trial of the case, no verified pleading was filed asserting a defect of parties, as required by Article 2010, Revised Civil Statutes; and the question was raised too late in the Court of Civil Appeals. American Employers' Ins. Co. v. Hookfin et al (writ refused), 33 S. W. (2d) 801; Consolidated Underwriters v. Lee (writ dismissed), 107 S. W. (2d) 482; Security Union Ins. Co. v. Gullett (writ dismissed), 36 S. W. (2d) 1085; Associated Employers' Reciprocal v. Brown et al (writ dismissed), 56 S. W. (2d) 483; Southern Underwriters v. Wright (writ dismissed, correct judgment), 125 S. W. (2d) 1079; Southern Underwriters v. Thomas (writ dismissed, correct judgment), 131 S. W. (2d) 409.

■ Garry alleged that he was an employee of Mose Sampson, doing business as Sampson Iron & Supply Company, and made proof that Sampson was engaged in business and carried a policy of workmen's compensation insurance covering Garry as an employee. The record shows that the Insurance Company was given notice that Garry's claim was before the Board, and it made no assertion that it did not carry the compensation insurance. The undisputed evidence shows that it did carry such insurance. Garry appealed from the award of the Industrial Accident Board, and designated Mose Sampson as employer and the Traders & General Insurance Company as insurer. The trial court submitted to the jury certain issues, and the answers of the jury thereto constituted the basis upon which the judgment for Garry was predicated. The Insurance Company did not request the trial court to submit to the jury the issue as to whether or not Mose Sampson was doing business as Sampson Iron & Supply Company. The Insurance Company having failed to request the submission of such defensive issue, it waived the right to complain now of the action of the trial court in not submitting same. Wichita Falls & Oklahoma Ry. Co. et al v. Pepper, 134 Texas 360, 135 S. W. (2d) 79.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered October 9, 1940.