**TRADERS & GENERAL INS. CO. v.
YARBROUGH et al.**

No. 2450.

Court of Civil Appeals of Texas.   Eastland.
May 26, 1944.

Rehearing Denied June 23, 1944.

306

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Vernis Fulmer, of Nacogdoches, and Collins, Williams & Garrison, of Lufkin, for appellees.

GRISSOM, Justice.

This is a workmen's compensation case. The original petition was filed by Lee Moseby Yarbrough, Laura Yarbrough, Rosalie Coleman, joined by her husband Willie Coleman, and Ellis Yarbrough and Jack Yarbrough, Jr., the last two being minors and acting through Mary Yarbrough, their mother, as next friend, against Traders and General Insurance Company. Plaintiffs sought recovery of death benefits due under the provisions of Article 8306, sec. 8a, on account of the death of their father, Jack Yarbrough. Plaintiffs alleged that Jack Yarbrough was accidently killed while working for the Texas Foundries, Inc., in Lufkin, Angelina County, on January 21, 1943, and that they were his sole dependents and legal beneficiaries. The original petition was filed by Hon. Vernis Fulmer as attorney for all of said plaintiffs.

Defendant filed an amended answer in which it denied that any of the plaintiffs were beneficiaries of deceased. It specially denied that Lee Moseby Yarbrough and Laura Yarbrough were dependent on deceased and alleged that at the time Jack Yarbrough was killed they were both more than 21 years of age. Defendant alleged that Rosa Lee Coleman was a married woman and "consequently of age", and that she was not dependant and that Mary Yarbrough was divorced from Jack Yarbrough prior to his death, and was not entitled to recover. Defendant alleged that they were not prepared to say whether or not Ellis Yarbrough and Jack Yarbrough, Jr., were minors at the time of the death of Jack Yarbrough, but "for the purpose of the record" denied they were minors. Defendant alleged that the compensation

rate was less than alleged by plaintiffs and denied plaintiffs were entitled to recover in a lump sum.

Defendant filed a cross-action against Lillie May Taylor Sells and her husband, Willie Lee Sells. It alleged that Lillie May Taylor Sells was claiming she was the surviving widow of Jack Yarbrough, and that it was necessary that she and her husband be made parties thereto for the purpose of preventing a double recovery.

Thereafter, defendant filed a motion to have the court dismiss Mr. Fulmer as attorney for plaintiffs, on the ground there was a conflict of interest between the parties he represented. When this motion was presented Mary Yarbrough, Lee Moseby Yarbrough and Laura Yarbrough in open court announced they desired to dismiss their asserted cause of action, and requested the court to dismiss them and their respective causes of action, which was done. Whereupon, Mr. Fulmer announced in open court that he desired to withdraw as the counsel for Rosa Lee Coleman and her husband. The court permitted Mr. Fulmer to withdraw as attorney for the Colemans and to continue as counsel for Ellis and Jack Yarbrough, Jr. Thereafter, an amended petition was filed for Ellis and Jack Yarbrough, Jr., by Mr. Fulmer, and an amended petition was filed for Rosa Lee Coleman by her new counsel, Messrs. Collins, Williams, and Garrison. Lillie May Taylor Sells and husband filed no written pleadings, but appeared in person and through their attorney and cross-examined witnesses for plaintiffs, but offered no proof on the trial of the case.

The cause was submitted to the jury, and it found (1) that Yarbrough did not work substantially the whole of the year immediately preceding January 21, 1943, in the same employment in which he was working on the day he was killed, (2) that an employee of the same class as deceased worked substantially the whole of the year immediately preceding January 21, 1943, in the same or a similar employment as that in which deceased was then engaged, in the same or a neighboring place, (3) that the average daily wage earned by such other employee during such year in such employment, on the days when so employed, was $4.50 per day, (4) that manifest hardship and injustice would result to plaintiffs if they were not paid in a lump sum, (5 & 6) that Lee Moseby Yarbrough and Laura Yarbrough were not dependents of deceased, and (7) that Rosa Lee Coleman was a dependent of Jack Yarbrough at the time of his death. Judgment was rendered for Jack Yarbrough, Jr., and Ellis Yarbrough, minors, and Rosa Lee Coleman, each in the sum of $1,590.29. Judgment was rendered against Lillie May Taylor Sells and husband and Lee Moseby Yarbrough and Laura Yarbrough Easterling. Defendant has appealed.

■■ Defendant's first three points are grouped and briefed together. The first point complains of the action of the trial court in overruling special exceptions to plaintiffs' petitions because plaintiffs did not "sufficiently allege who were the legal beneficiaries of the deceased * * * or that the plaintiffs were the sole beneficiaries * * * and that there were no other legal beneficiaries * * *." Ellis and Jack Yarbrough, Jr., alleged that they were minor children of deceased; that Rosa Lee Coleman is a child of deceased but was married at the time of the death of Jack Yarbrough; that deceased had no one dependent upon him for support; that Ellis and Jack Yarbrough, Jr., "are the only two heirs at law who should recover. That the deceased did not leave surviving him any other minor or dependent child or children and no dependent grandparents or dependent brother or brothers or sister or sisters. That said plaintiffs under the provisions of the Workmens' Compensation Laws of Texas are the sole beneficiaries of deceased and are entitled to recover all of defendant's insurance taxes which defendant is liable to pay because of the death of Jack Yarbrough." In her amended petition Rosa Lee Coleman alleged: "Plaintiff would show the Court that Rosa Lee Coleman, Ellis Yarbrough and Jack Yarbrough, Jr., are each and all minor children of deceased. In this connection it is shown that deceased was supporting said Rosa Lee Coleman prior to and at the time of his death and was constantly and continuously contributing valuable and material benefits to her. That the deceased left surviving him no other minor or dependent child or children, no dependent grandparents, no dependent brothers, sister or sisters. That said plaintiffs are under the provisions of the Workmens' Compensation Law of Texas the sole beneficiaries of the deceased and are entitled to recover all the Workmen's Compensation Insurance which defendant is liable to pay because of the death of the said Jack Yarbrough."

Defendant's exceptions to said pleading with reference to the alleged defect in plaintiffs' allegations that they were the beneficiaries entitled to recover were as follows: "Said defendant specially excepts to the pleadings of the plaintiffs herein, and particularly Paragraph 3 thereof wherein said plaintiffs attempt to allege and set forth that they constitute the legal beneficiaries of the deceased Jack Yarbrough, for the reason that sufficient facts are not alleged and shown, and for the further reason that such allegations are the mere conclusions of the pleader and do not set forth sufficient facts upon which to predicate such claim, and for the further reason that said plaintiffs have failed to properly allege and show there are no other beneficiaries equally entitled to recover herein or who have prior claims to the funds sought to be recovered herein, and of this it prays judgment of the court."

We are of the opinion that plaintiffs sufficiently alleged they were the sole beneficiaries. We are further of the opinion that defendant's exceptions were insufficient because they did not specifically "point out intelligibly and with particularity the defect, omission, obscurity, * * * generality, or other insufficiency" in plaintiffs' pleadings, as required by Texas R.C.P. 91. See also R.C.P. 45(b), R.C.P. 90, Art. 8306, sec. 8a, and Cox v. Ekstrom, Tex.Civ.App., 163 S.W.2d 845, writ refused.

Defendant's second point asserts error in entering judgment for plaintiffs and "in making independent findings that said plaintiffs were legal beneficiaries of the deceased, there being no issue submitted to the jury on those questions, and the evidence merely raised issues of fact * * *." The third point asserts the judgment should be reversed because of the alleged error of the court in submitting issue 7 "over defendant's objections" and in entering judgment in favor of Rosa Lee Coleman as a dependent, "there being no pleading or evidence to authorize the submission of such issue or to support the answers of the jury thereto." It will be remembered that these three points are grouped and briefed together by the defendant. It is apparent that the eminent counsel who prepared the brief did not participate in the trial. None of defendant's assignments of error complain of the court making independent findings that plaintiffs "were legal beneficiaries", or of the failure of the court to submit an issue as to who were

the legal beneficiaries, except defendant's nineteenth and twentieth assignments, which complain of the failure to submit issues as to whether Rosa Lee Coleman was a dependent. Instead of objecting to the submission of issue 7, to wit, whether Rosa Lee was a dependent of Jack Yarbrough at the time of his death, as defendant contends in its third point, the record discloses that defendant objected to the original charge because said issue was not submitted and the court amended its charge and submitted it. Defendant further objected to the court's original charge because it failed to submit to the jury whether or not Lee Moseby Yarbrough and Laura Yarbrough were dependents of Jack Yarbrough. The charge was amended to meet said objection of the defendant and said issues were submitted. The jury found that Rosa Lee Coleman was a dependent, but that Lee Moseby Yarbrough and Laura Yarbrough were not dependents. With reference to the supposed errors that were specifically pointed out to the trial court in compliance with the Rules of Civil Procedure and brought forth in said points, we are of the opinion that no error is shown.

The pleadings and evidence sufficiently raised an issue of fact with reference to plaintiffs' recovery of a lump sum. Defendant's fourth and fifth points are overruled.

Defendant's sixth, seventh, and eighth points are as follows:

"Sixth Point: This case should be reversed, because of the error of the District Court in the manner of submitting to the jury Special Issue No. 1, and in submitting said issue in a negative form, and in not submitting along therewith an issue as to what deceased had earned during the preceding year, thereby informing the jury that the Court was of the belief that deceased had not worked the whole of the immediately preceding year, and said issue was on the weight of the evidence.

"Seventh Point: This case should be reversed, because of the error of the District Court in submitting, over defendant's objections, Special Issues Nos. 2 and 3, and in entering judgment herein against the defendant on the answers of the jury thereto, and fixing the wage rate herein under first subsection 2, Section 1, Article 8309, Revised Civil Statutes, at $4.50 per day, there being no pleadings or evidence to authorize the submission of such issues, or to support

the answers of the jury thereto and said judgment is excessive.

"Eighth Point: This case should be reversed, because of the error of the District Court in failing and refusing to submit proper issues to the jury and obtain their findings thereto, so as to establish the wage rate of the deceased under the provisions of first subsection 3, Section 1, Article 8309, Revised Civil Statutes, as to a wage rate that would be fair and just to both parties, that being the only method that could or should have been resorted to in this case, under the pleadings and evidence and would have avoided an excessive verdict and judgment."

Said points are grouped and briefed together by defendant. The special issues complained of in said points and the jury's answers thereto are:

"Issue 1: Do you find from a preponderance of the evidence that Jack Yarbrough, deceased, did not work substantially the whole of the year immediately preceding January 21, 1943, in the same employment in which he was working on January 21, 1943, whether for the same employer or not?

"Answer: Yes.

"Issue 2: Do you find from a preponderance of the evidence that another employee of the same class as Jack Yarbrough deceased, worked substantially the whole of the year immediately preceding January 21, 1943, in the same or a similar employment as that in which Jack Yarbrough, deceased, was then engaged, in the same or a neighboring place?

"Answer: Yes.

"Issue 3: If you have answered Special Issue No. 2 'Yes', then and only in that event, answer the following issue:

"What do you find from a preponderance of the evidence was the average daily wage earned by such other employee during such year in such employment on the days when so employed?"

"Answer: $4.50."

Said issues clearly disclose that plaintiffs risked a decision of their case upon favorable findings by the jury (1) that Jack Yarbrough, deceased, did not work substantially the whole of the year preceding the day he was killed, in the employment in which he was then working (Art. 8309, sec. 1, subd. 1), and (2) that there was an employee of the same class as Jack Yarbrough

who did work substantially the whole of the year immediately preceding January 21, 1943 in the same or a similar employment as that in which Yarbrough was then engaged (Art. 8309, sec. 1, subd. 2), from which it followed as a matter of law plaintiffs were entitled to have Yarbrough's wage rate determined by the average daily wage earned by such other employee, meaning an employee of the *same class* as deceased who worked in a *similar employment* during said period. In other words, plaintiffs sought and obtained findings of fact that determined that subdivision 1 of Art. 8308, sec. 1, was not applicable and that deceased's wage rate was to be decided under subdivision 2. This was in accord with the decision in American Employers' Ins. Ass'n v. Singleton, Tex.Com.App., 24 S.W.2d 26, 27. Plaintiff was not required to submit the issue under subdivision 3, nor to obtain an affirmative finding that it was not applicable. Defendant did not present that issue and request its submission.

■ In its sixth point defendant complains of the manner in which issue No. 1 was submitted. Apparently the objection made is that issue 1 was submitted in a negative form. If plaintiffs believed subd. 1, Art. 8309, sec. 1, was not applicable to their case, then, under the decision of the Singleton case, plaintiffs were required to eliminate that subdivision by showing conclusively, or by obtaining a jury finding, that deceased had not worked in the employment in which he was working at the time of his death substantially the whole of the year immediately prior thereto, and the court did not err in submitting said issue in said form. American Employers' Ins. Ass'n v. Singleton, Tex.Civ.App., 24 S.W.2d 26.

■ The sixth point further asserts error because the court did not submit, along with issue 1, "an issue as to what deceased had earned during the preceding year." If subdivision 1 was not applicable to the facts of the case and did not determine the wage rate, such additional and connected issue was wholly immaterial.

■ Point 6 presents the additional contention that by so submitting the case the jury was informed that the court believed deceased had not worked the whole of the immediately preceding year in the employment in which he was engaged when killed and said issue was on the weight of the evidence. To agree to such contention we

would be required to hold, in effect, that in every workmen's compensation case, where the evidence did not conclusively establish what subdivision of Art. 8309, sec. 1, was applicable, plaintiffs would be compelled, regardless of their belief as to what subdivision the evidence showed was applicable, to cause an issue to be affirmatively submitted on each of said subdivisions. Certainly plaintiffs had a right to risk their case upon a favorable decision that any one of said subdivisions was applicable and that those preceding it were not.

■ The seventh and eighth points present the contentions which in the main are the substance of defendant's argument under said three grouped points, that there was neither pleading nor evidence to authorize the submission of issues 2 and 3, or support the answers thereto, and that the case should have been submitted solely under subdivision 3 of Art. 8309, sec. 1. What we have heretofore said is applicable to defendant's contention that there was error in failing to submit the question of wage rate under subdivision 3. This was not an essential issue of the cause of action asserted by plaintiffs. Plaintiffs alleged facts showing that subdivision 1 was not applicable and bringing their case squarely within the provisions of subd. 2. Plaintiffs' allegations as to subd. 3 were in the alternative only. When the charge was prepared plaintiffs evidently elected to risk their case upon the possibility of obtaining jury findings that had the legal effect of determining that subd. 1 was not applicable but subd. 2 was applicable. Plaintiffs had a right to do this. If plaintiffs failed to obtain the desired answers they lost their case. If defendant desired an issue submitted under subd. 3, as a defendant's issue, it was required to prepare and request its submission. Vanover v. Henwood, 136 Tex. 348, 351, 150 S.W.2d 785; Traders' & General Ins. Co. v. Garry, 135 Tex. 290, 295, 143 S.W.2d 370; Ortiz Oil Co. v. Geyer, 138 Tex. 373, 377, 159 S.W.2d 494; Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 190, 166 S.W.2d 904. This it did not do. If there is any merit in said points it is in the contentions that there was no evidence that the witnesses from the Lufkin Foundry were employees of the *same class* as Jack Yarbrough and engaged in *similar employment*. We have given this contention careful consideration and are of the opinion that it should be overruled. There was ample evidence to

show that Jack Yarbrough, deceased, and the witnesses who testified as to the wages paid at the Lufkin Foundry were employees of the *same class*. In fact, all of such evidence tends to show that Jack Yarbrough and the witnesses from the Lufkin Foundry were common laborers performing similar service and doing similar work.

■ It remains to be determined whether or not there was evidence of probative force that such employees of the Lufkin Foundry were engaged in a similar employment to that in which Jack Yarbrough was engaged. Subd. 2 of Art. 8309, sec. 1, reads: "If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

The substance of the testimony pertinent to "same class" and "similar employment" is that at the time of his death and for 17 days prior thereto Jack Yarbrough was employed by the Texas Foundry in Lufkin, Angelina County, as a common laborer. His pay as a common laborer was 40.3¢ per hour for the first forty hours of each week. For each hour that he worked over forty hours per week he was paid time and a half, and for labor on Sunday he was entitled to double time. The only other iron foundry "of any size" in the city of Lufkin, County of Angelina, was the Lufkin Foundry. The Lufkin Foundry was engaged in the manufacture of gray, or hard, iron. The Texas Foundry, where Jack Yarbrough was employed, was engaged in the manufacture of malleable, or soft, iron. At the time in question at the Lufkin Foundry the minimum wage paid for common labor was 40¢ per hour, with time and a half for over-time and double time on Sunday. The minimum wage paid for common labor by the Lufkin Foundry was .3¢ per hour less than the wage paid Yarbrough at the Texas Foundry. The evidence shows that the nearest malleable iron foundry is located at St. Louis, Missouri.

Autry Tatum testified that he had been working for the Lufkin Foundry for more than a year preceding January 21, 1943; that he was a common laborer; that he earned "$4.00 per day for five days, and on

the sixth day I would get 75¢ per hour, and when I worked on Sunday they paid me double time, which was $1.00 per hour, and I worked a few Sundays during that year." Eugene Perkins testified that he was a common laborer at the Lufkin Foundry during the year preceding January 21, 1943; that he worked at least three hundred days during said twelve month period; that he was paid 50¢ per hour for his work, worked eight hours per day, and six and sometime seven days per week; that he was paid 75¢ for over-time and $1 per hour on Sunday, "which was the wages of a common laborer at the Lufkin Foundry that year." These witnesses testified in effect that they were doing labor similar to that performed by Jack Yarbrough at the Texas Foundry in the same town and at the same time. We are of the opinion that such evidence was sufficient to raise an issue as to whether there was another employee of the *same class* who worked substantially the whole of the year immediately preceding January 21, 1943, in a *similar employment* to that in which Yarbrough was then engaged. In other words, we conclude that the evidence fails to show that a common laborer at the Texas Foundry and a common laborer at the Lufkin Foundry were *not*, as a matter of law, engaged in a "similar employment", within the meaning of subd. 2, Art. 8309, sec. 1. Defendant complains of the introduction of said testimony, among other things, because it shows that Yarbrough only worked five days a week, while the employees of the Lufkin Foundry worked longer. Our Supreme Court has held that the purpose of the Workmen's Compensation Law is to arrive at a wage rate that, to the extent fixed by said act, will compensate the employee, or his beneficiary, not alone for loss of wages, but for loss of earning capacity based on full-time employment. Relative to our conclusion that the evidence raised the issue that the witnesses from the Lufkin Foundry and Jack Yarbrough were engaged in a similar employment, we call attention to the following decisions: Blankenship v. Royal Ind. Co., 128 Tex. 26, 95 S.W.2d 366, 369; Maryland Casualty Co. v. Brown, Tex.Civ.App., 95 S.W.2d 537, 538; Traders & General Ins. Co. v. Jenkins, Tex.Civ.App., 144 S.W.2d 350, 354; Associated Indemnity Corp. v. McGrew, Tex.Civ.App., 142 S.W.2d 567, 571, affirmed 138 Tex. 583, 160 S.W.2d 912; Maryland Cas. Co. v. Stevens, Tex.Civ.App., 55 S.W. 2d 149, 152; Bankers' Lloyds v. Chamness, Tex.Civ.App., 31 S.W.2d 1108, 1111. See also 45 Tex.Jur. 643, 661, 666.

If defendant intended to present the proposition that the employees of the Lufkin Foundry were not of the "same class" and were not engaged in a "similar employment" with Yarbrough, as a matter of law, because of either a law, or a rule "promulgated by the gray iron foundries", it is overruled for the reason that such an objection was not pointed out to the trial court. Furthermore, the case was not tried on such a theory. R.C.P. 374, 274; Kousal v. Texas Power & Light Co., Tex.Sup., 179 S.W.2d 283, 284; and Safety Cas. Co. v. Wright, 138 Tex. 492, 504, 160 S.W.2d 238.

Appellant's ninth point is that the court erred in permitting the witnesses from the Lufkin Foundry to testify as to the services performed by them and the wages paid them. This contention is based upon defendant's conclusion that the evidence conclusively established that such witnesses were not engaged in the same class of work and were not in the same or similar employment as deceased, and that the evidence established conclusively that there were no other employees of the same class as deceased who worked substantially the year preceding the death of Yarbrough in the same or similar employment in the same or a neighboring place, and that, therefore, subd. 2, Art. 8309, sec. 1, is not applicable. What we have said with reference to the sixth, seventh and eighth points sufficiently disposes of this contention.

Appellant's tenth point presents defendant's contention that the trial court erred or abused its discretion, in permitting Mr. Fulmer to continue as counsel for the minor plaintiffs, Ellis and Jack Yarbrough, Jr., who prosecuted the suit through their mother as next friend. Their mother testified that she went to the office of said attorney and employed him to represent said minors. The court recited in its judgment that said attorney had recovered for his clients larger compensation than was awarded by the board, that his services had resulted in great benefit to said minor plaintiffs, and that he was entitled to recover compensation therefor. We think the court did not abuse its discretion and perceive no impropriety in said counsel's representation of said minors.

The judgment is affirmed.