Marshall **ROSENFELD** et al., Petitioners,

v.

A. V. **STEELMAN** et al., Respondents.

No. A–11244.

Supreme Court of Texas.

July 13, 1966.

Rehearing Denied July 27, 1966.

Strasburger, Price, Kelton, Miller & Martin, Robert H. Thomas, Thomas C. Unis, with above firm, Dallas, for petitioners.

Saner, Jack, Sallinger & Nichols, Dallas, for respondents.

GRIFFIN, Justice.

This is an action for declaratory judgment instituted in a district court of Dallas County, Texas, by Marshall Rosenfeld and Julius Coleman against A. V. Steelman, Guy Vince, Harold Shank, City Secretary of the City of Dallas, and Tom E. Ellis, County Clerk of Dallas County, Texas. The suit asked that the trial court determine that certain premises, described by metes and bounds, and held by Vince and Steelman as lessees, lie in "dry" Justice

Precinct No. Four of Dallas County, Texas, and not in "wet" Justice Precinct No. One, Dallas County, Texas. Defendants Ellis and Shank filed an answer in which they asked the trial court to determine whether or not the land in controversy was located in "wet" or "dry" territory, and they would conform to the court's judgment.

Defendants Vince and Steelman filed their first trial amendment on the final day of trial and therein alleged that they were the owners of a leasehold interest in a portion of the tract of land described in pararaph 2 of plaintiffs' original petition; that they held this land under a lease for twenty (20) years commencing February 18, 1963, and of record in a certain volume and page of the Deed Records of Dallas County, Texas. They alleged that this land was located in Justice Precinct No. One of Dallas County, Texas, and within an area where sale of alcoholic beverages is legal. They alleged that Shank and Ellis refused to certify that such area is a "wet" area and asked for a court order directing Shank and Ellis to certify, as a matter of law, that the land is in Justice Precinct No. One, where the sale of alcoholic beverages is legally authorized.

The case was tried before the court and judgment entered "that the sale of alcoholic beverages is not lawful on the land described in plaintiffs' original petition."

Steelman and Vince appealed and filed the record in the Court of Civil Appeals on June 4, 1965. Both appellants and appellees filed their briefs in the Court of Civil Appeals within the time required by the Texas Rules of Civil Procedure.

On November 2, 1965, a few days prior to oral argument, one J. B. Lesley, through his attorney, filed a motion to be permitted to file an amicus curiae brief to bring to the attention of the Court of Civil Appeals *"facts not apparent from the record which show that the trial court did not have jurisdiction to render its judgment in the*

*declaratory action and that said judgment is void. In accordance with Rule 406, Texas Rules of Civil Procedure, the affidavit of Mr. J. B. Lesley is attached hereto, furnishing evidence of jurisdictional facts not apparent in the record."* Mr. Lesley's affidavit recites that he is owner in fee of the tract of land involved in this litigation and the lessor of Vince, and entitled to the reversionary interest including all improvements at the expiration of the lease [Vince and Steelman alleged the term to be twenty years] and he offers to testify as to the location of the land in the "wet" part of Justice Precinct No. One. In the brief it was urged that J. B. Lesley was the owner and lessee of the land in question and was a necessary and indispensable party but not made such in the court below.

Unless otherwise indicated, all emphasis herein is that of this Court.

The Court of Civil Appeals considered the affidavit and examined the lease which had been introduced in evidence and is shown as an exhibit to the statement of facts; and held Lesley was a necessary and indispensable party; and although no objection for lack of a necessary party had been made by either side below and no assignment to this effect was contained in the motion for new trial or in appellants' brief, the court held the error was "fundamental error" and reversed and remanded the case to make Lesley a party. 397 S. W.2d 906.

The Court of Civil Appeals could not consider Lesley's affidavit to determine the jurisdiction of the trial court, but must be bound by the record made in that court on the trial and filed in the Court of Civil Appeals on appeal.

The case of Chrisman v. Graham, 51 Tex. 454 (1899) was a trial of the right of property levied upon by the sheriff of Coryell County, Texas. The sheriff had valued the property at $400.00. Suit was brought in the district court. The Constitution pro-

vided the district court had jurisdiction of such suits only when the value of such property was "equal to or exceed[s] in value five hundred dollars." Art. V, Sec. 8, Vernon's Ann.St. Judgment was rendered for plaintiff. In the Supreme Court the plaintiff, in order to sustain the jurisdiction of the district court, sought to file an affidavit showing that the defendant in the execution was judge of the County Court of Coryell County and that Chrisman was his son-in-law. The Constitution at that time provided in Art. V, Sec. 16 that in the event the County Judge was disqualified to try a cause by virtue of relationship or otherwise, the district court had original jurisdiction.

■ The Supreme Court refused to consider this affidavit, saying that the power given the Supreme Court to ascertain matters "by affidavit or otherwise" applies only to the ascertainment of *its own jurisdiction,* but does not authorize inquiry into the jurisdiction of the court below by evidence aliunde the record. The Court reversed the judgment of the court below because the record on appeal showed affirmatively that the trial court had no jurisdiction. The Court said:

"Chief Justice Wheeler says that 'nothing can be more perfectly clear, than that this court can only revise the judgment of the District Court for errors apparent upon the record. To entertain the question of fact for decision, for the first time, in this court, as a ground for reversing the judgment, would be plainly violative of the Constitution, which confers upon this court, in reference to the judgments of the District Court, appellate jurisdiction only.' (Brown v. Torrey, 22 Tex. 54; Hart v. Mills, 31 Tex. 304.)"

To the same effect is the case of Nalle v. City of Austin et al., 85 Tex. 520, 22 S.W. 668, 960 (1893), wherein Judge Gaines in discussing Art. V, Sec. 3 of the Constitution, providing that the Supreme Court has power to determine by affidavit or other-

wise "such matters of fact as may be necessary to the proper exercise of its jurisdiction," said:

"But we do not understand that this provision of the constitution applies to questions which were put in issue, *or could have been put in issue, in the trial court,* but only to such as may arise after a final disposition of the case in the court from which the appeal was taken. * * * The question whether or not the trial court had jurisdiction must be determined by the record." (Emphasis added.)

Art. 1822, Vernon's Texas Civil Statutes governing Courts of Civil Appeals, is practically in the same language as that of Art. V, Sec. 3 of the State Constitution governing the Supreme Court. Article 1822 provides:

"Said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."

Rule 406, Texas Rules of Civil Procedure applying to the Court of Civil Appeals provides:

"Motions made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex officio known to the court, must be supported by affidavits or other satisfactory evidence."

■ These provisions have been held to apply only to the determination by the Court of Civil Appeals of *its own jurisdiction,* and not to a determination of the trial court's jurisdiction.

In the case of County School Trustees of Jackson County v. Edna I. S. D. (Tex.Civ. App., 1928), 9 S.W.2d 506, 508, affirmed on other grounds (Comm. of App., 1931), 34 S.W.2d 860, it is said:

"There is nothing upon the face of the petition showing that the Blair common

school district had such legal or vested right in the subject-matter of this suit as to make its presence in the suit indispensable to the power or jurisdiction of the court to render the decree sought by plaintiffs, and, in the absence of a plea of nonjoinder of necessary or proper parties, we are not authorized to reverse the judgment because of the failure of plaintiffs to make it a party defendant."

See also Traders & General Ins. Co. v. Garry et al., 135 Tex. 290, 143 S.W.2d 370, 372 (1940); St. Louis S. W. Ry. Co. of Tex. v. Anderson et al. (Tex.Civ.App., 1918), 206 S.W. 696, 698, writ refused; Poole v. Mueller et al. (Tex.Civ.App., 1895), 30 S.W. 951; Cook v. Ochiltree County et al. (Tex.Civ.App., 1933), 64 S.W.2d 1018, no writ history; Texas & P. R. Co. v. Hood (1910) 59 Tex.Civ.App. 363, 125 S.W. 982, 983–984, no writ history; Fruit Dispatch Co. v. Independent Fruit Co. (Tex.Civ.App., 1917), 198 S.W. 594, no writ history; Bingham v. Graham (Tex.Civ. App., 1920), 220 S.W. 105, 109, no writ history; 10 T.L.R. 231.

█ We hold that inasmuch as the record in the Court of Civil Appeals did not show that Mr. Lesley was an indispensable party, having an interest in this declaratory judgment suit which would prevent the trial court from fully adjudicating the rights of those who were parties to the suit, the Court of Civil Appeals had no authority to consider Mr. Lesley's affidavit filed in that court long after the trial court record had been filed, and erred in its judgment.

The Court of Civil Appeals raised the question of the necessity for Mr. Lesley to be made a party in the trial court on its own motion. It decided this cause on that point alone and did not consider or discuss the points of error raised by the appellants.

█ Among the points of error appellants have one on the "insufficiency" of the evidence. This Court has no jurisdiction to decide this point, therefore the case must be returned to the Court of Civil Appeals for its consideration of the points of error raised by appellants in their brief in that court.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause to the trial court is reversed and this cause is remanded to the Court of Civil Appeals for consideration and disposition of appellants' points of error.