Jess F. STILL, Sr., Appellant,

v.

LIBERTY LEASING CO., INC., Appellee.

No. 5852.

Court of Civil Appeals of Texas, Waco.

July 14, 1978.

Rehearing Denied Aug. 31, 1978.

James R. Cornish, Houston, for appellant.

Wendell S. Loomis, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Still from $9,453.01 judgment against him and for plaintiff Liberty Leasing Co., Inc.

Plaintiff Liberty Leasing sued defendant Still on a judgment it had obtained against defendant in Illinois.

Defendant answered the Illinois judgment was void because the Illinois Court did not have jurisdiction over him; that he was never personally served with process; had no knowledge of the suit or judgment; and that rendition of the Illinois judgment was without due process of law as required by the Constitution of the United States.

Trial was before the court which rendered judgment for plaintiff on the Illinois judgment for $9,453.01.

Defendant appeals on one point:

"The court erred in rendering judgment for plaintiff on Illinois judgment because said Illinois judgment is void; that the Illinois Court lacked jurisdiction over nonresident defendant because he was not served with process, nor did defendant have notice of said suit; that the rendition of judgment against defendant by the Illinois Court without service of process is not due process of law as required by the United States Constitution, Fourteenth Amendment."

The facts are without dispute. Plaintiff is an Illinois Corporation. Defendant lives in Texas. On January 21, 1969 plaintiff and defendant entered into a written lease agreement covering certain construction equipment. Paragraph 21 of the lease provides:

"This agreement shall be deemed to have been made in Cook County, Illinois * *. The LESSEE hereby designates Lowell Sachnoff, 105 West Adams St., Chicago, Illinois 60603 and/or William Weaver, 105 West Adams St., Chicago, Illinois 60603 as agents for the purpose of accepting service of any process within the State of Illinois, and the said agent agrees to forward by certified mail any process served upon him to the LESSEE at its address as set forth above."

On July 10, 1974 the Circuit Court of Cook County, Illinois rendered judgment for plaintiff and against defendant for $8000. such judgment reciting:

"This cause coming on to be heard * * the court finding that defendant[s] * * Jess F. Still have been duly served with summons and have failed to file their appearance and answer thereto; that it has jurisdiction over the person of said defendants and over the subject matter of the complaint; * * the court finds for plaintiff Liberty Leasing Co., Inc., and against defendants * * Jess F. Still and assesses damages on the verified complaint of $8000."

Defendant was not served with any process in the Illinois suit and had no knowledge of the Illinois judgment until suit was filed in Harris County. Defendant has had no communication from the agents named in the lease, and testified unequivocally that he had not been served; that he had never been notified of the Illinois suit by such agents; and had no knowledge of such suit.

■ There is no evidence that the agents appointed in the lease were served with process in the Illinois suit. As noted the Illinois judgment recites that defendants were "duly served with summons." If there had been evidence that the agents appointed to receive process had in fact been served, the Illinois judgment would be enforceable in Texas as it would be in Illinois.

■ Jurisdiction of the Illinois Court is presumed when the authenticated copy of the Illinois judgment is introduced into evidence, and all prior requisites to the rendition of a valid judgment such as service upon the defendant when such is recited will be presumed to have been fulfilled unless disproved by extrinsic evidence or by the record itself. These presumptions and the authenticated copy of the foreign judgment cast upon defendant the burden of an affirmative showing that there was an omission of some requisite to a valid judgment, here a want of service of process. *Paschall v. Geib,* Tex.Civ.App. (Dallas) NRE, 405 S.W.2d 385.

But such presumption of validity of the judgment and service on defendant is not evidence, but rather a rule of procedure or an "administrative assumption" which "vanishes" or is "put to flight" when positive evidence to the contrary is introduced. The presumption is a true presumption, which has been defined as a "rule of law laid down by the courts which attaches to facts certain procedural consequences." It places on the party against whom it operates the burden of producing evidence. It is not evidence, and when met by rebutting proof is not to be weighed by the jury or finder of fact as evidence. *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763.

■ Thus, the authenticated Illinois judgment raised a presumption that service of process was had on defendant; but such presumption vanished when defendant testified unequivocally he had not been served. At this juncture it was incumbent upon plaintiff to adduce evidence that the agents for service named in the lease agreement had actually been served, if such was the fact. This, plaintiff did not do.

Defendant's point is sustained and the judgment is reversed and this cause is remanded to the trial court under the rule laid down in *Morrow v. Shotwell,* Tex., 477

S.W.2d 538, and *Scott v. Liebman*, Tex., 404 S.W.2d 288.

REVERSED AND REMANDED.