**LIBERTY LEASING COMPANY, INC., Appellant,**

v.

**Jess F. STILL, Sr., Appellee.**

**No. 17407.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 24, 1979.

Wendell S. Loomis, Houston, for appellant.

James R. Cornish, Houston, for appellee.

PEDEN, Justice.

Liberty Leasing Co., Inc., appeals from a take-nothing judgment in a suit based on a foreign judgment. The court, sitting without a jury, found that Mr. Jess Still was denied due process of law, so the Illinois judgment rendered against him was not entitled to full faith and credit. Findings of fact and conclusions of law were filed. Liberty Leasing alleges that a previous decision of the Waco Court of Civil Appeals in this case constitutes the law of the case, so the findings of the trial court and its judgment in this case should have been determined in keeping with that appeals court decision. Further, that the Illinois court had valid jurisdiction, and Liberty Leasing was entitled to recover $8,000 plus costs.

A Texas corporation named Stillco entered into an agreement to lease heavy construction equipment from Liberty Leasing, an Illinois corporation. The lease agreement designated Liberty Leasing Co., Inc., as lessor and Stillco, as lessee. Underneath this area were three boxes labelled "Corporation," "Partnership," and "Proprietorship" with instructions to "Check One; " the "Corporation" box was checked. At the bottom of lease, Stillco's name was again listed as lessee and the contract signed by Jess F. Still as president. His signature appears a second time immediately following his first signature. This time, however, in the "Title" space, the word "Individual" was typed in. There is yet another space labelled "Personally as an Individual" that was left blank. There is nothing in the agreement to suggest that anyone but Stillco was the lessee. It appears that Mr. Still signed as an individual only in the capacity of a guarantor, not as a lessee.

The only contract clause in issue in this case is paragraph 21, which provides:

This agreement shall be deemed to have been made in Cook County, Illinois, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted and the rights and liabilities of the parties hereto determined in accordance with the laws of the State of Illinois. The LESSEE hereby designates Lowell Sachnoff, 105 West Adams Street, Chicago, Illinois, 60603 and/or William Weaver, 105 West Adams Street, Chicago, Illinois, 60603 as agents for the purpose of accepting to forward by certified mail any process served upon him to the LESSEE at its address as set forth above.

Liberty Leasing filed suit against both Stillco, Inc., and Mr. Still in Cook County, Illinois. Still is a resident of Texas. On July 10, 1974, the Illinois court rendered judgment for Liberty Leasing against Stillco and Jess F. Still in the amount of $8,000. The order further stated:

IT IS ORDERED that defendants, Stillco Inc. and Jess F. Still shall return to the possession of plaintiff, within three

(3) days from the entry of this judgment, the following goods and chattels, to-wit:

1 only caterpillar D7 E Tractor, Serial No. 48A1157

1 only caterpillar 75 Dozer, Serial No. 59F–493

1 only caterpillar 173 Hyd. Control, S/N/ 48C–11281 OM4255,

or upon failure to do so, the plaintiff shall have and recover of defendants, Stillco Inc. and Jess F. Still the sum of $8,000.00 plus court costs.

Subsequently, Liberty Leasing filed suit in Texas alleging that Stillco and Jess F. Still had defaulted on the equipment lease, that Liberty Leasing had obtained judgment against Stillco and Still in Illinois, and that such judgment was entitled to full faith and credit. The Texas trial court awarded Liberty Leasing $9,453.01. Only Still appealed this judgment and as to him the Waco Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. *Still v. Liberty Leasing Co.*, 570 S.W.2d 93 (Tex.Civ.App.1978, no writ). The second trial resulted in this take-nothing judgment.

In its first two points of error, Liberty Leasing contends that the opinion of the Waco Court of Civil Appeals stated the law of the case, so the trial court in this case erred in rendering judgment contrary to that opinion's stated law. Further, Liberty Leasing attacks certain findings of the trial court, maintaining that they were not authorized because the trial court was required to follow the law of the case as expressed by the Waco court.

The opinion in *Still v. Liberty Leasing Co., supra,* addressed the only issue raised, whether the Illinois judgment was void because Still was not served with process and had no notice of the suit. The court stated at page 94:

There is no evidence that the agents appointed in the lease were served with process in the Illinois suit. As noted the Illinois judgment recites that defendants were 'duly served with summons.' If there had been evidence that the agents appointed to receive process had in fact

been served, the Illinois judgment would be enforceable in Texas as it would be in Illinois.

\*　　\*　　\*　　\*　　\*　　\*

Thus, the authenticated Illinois judgment raised a presumption that service of process was had on defendant; but such presumption vanished when defendant testified unequivocally he had not been served. At this juncture it was incumbent upon plaintiff to adduce evidence that the agents for service named in the lease agreement had actually been served, if such was the fact. This, plaintiff did not do.

Because Liberty Leasing failed to prove service of process on Still or due notice to him, the cause was "remanded to the trial court under the rule laid down in *Morrow v. Shotwell*, Tex., 477 S.W.2d 538, and *Scott v. Liebman*, Tex., 404 S.W.2d 288." The Texas Supreme Court stated in *Morrow*, at page 542:

See *Scott v. Liebman, supra,* where we said: 'However, both the Court of Civil Appeals and this Court, having found error in the judgment of the trial court, are authorized in a proper case to remand in the interest of justice. Both courts have discretion in this matter. *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951) . . . .' We see no compelling reason at this late hour to recant our holdings in the cited cases; accordingly, we have concluded that this cause should be remanded to the trial court so that Morrow may, if he wishes, amend his pleadings and try his case on a different theory.

Liberty Leasing contends that because Still failed to complain on the first appeal that he was not designated as a lessee in the lease agreement, that he was not a named party to the lease agreement, or that he did not designate agents to accept service of process for him within the state, he is thereby precluded from asserting such issues at the second trial. Where the remand of a cause is accompanied by instructions restricting the retrial to partic-

ular issues, the parties must keep within those issues and may not re-litigate matters controverted at the former trial. *Owens v. Lubbock Independent School District*, 237 S.W.2d 711 (Tex.Civ.App.1950, writ ref. n. r. e.). As the remand in our case was unrestricted, new issues could be raised at the second trial. This procedure is in accord with the *Morrow v. Shotwell* principle relied upon by the Waco court. Consequently, the court at the second trial was free to make findings of fact and conclusions of law based on the evidence adduced in that trial and unhampered by the prior appellate decision. Points of error 1 and 2 are overruled.

In its third point of error, Liberty Leasing asserts that the trial court erred in not rendering judgment in its favor because the Illinois judgment was entitled to full faith and credit. It maintains that the Illinois court had valid *in personam* jurisdiction over Still because when he signed the contract, he voluntarily assented to Illinois jurisdiction and to the appointment of an agent to receive process. In point of error 4, Liberty Leasing says that notice to the agent constituted notice to the principal. Finally, Liberty Leasing contends there was sufficient evidence in the record to support a finding that the Illinois court had jurisdiction.

■ Article IV, Section 1 of the United States Constitution provides in pertinent part:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . .

The full faith and credit clause does not automatically make a sister-state's judgment a judgment in another state. "A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." *Williams v. North Carolina*, 325 U.S. 227, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577 (1945). The courts of one state have the right to question whether a court of another had jurisdiction when

it entered the judgment sought to be afforded full faith and credit. *Williams v. North Carolina, supra: Elkins v. West*, 554 S.W.2d 821 (Tex.Civ.App.1977, no writ).

■ The trial court in our case was authorized to examine the jurisdiction of the Illinois court over Still. It found that Illinois was without jurisdiction, and we agree with that finding. The contract named a sole lessee, Stillco, Inc., and only the lessee designated an agent for service of process. Still testified that he never received notice of the Illinois trial and only learned of the judgment when suit was filed in Texas. He was not shown to have consented to jurisdiction of the Illinois court nor to have appointed an agent to receive service of process. Illinois lacked in personam jurisdiction over Still, so its judgment against him was not entitled to full faith and credit.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and DOYLE, J., also sitting.